SWERINGEN v. ADMINISTRATOR of EBERIUS,

And SWERINGEN and BREDELL, v. SAME.

1. The lien of an attachment is lost by the death of the debtor before judgment.

2. An execution cannot issue against a decedent's estate, on a judgment obtained against him in his life time ; but all such judgments must be classed against the estate, according to the provisions of the administration law.

Error to Franklin Circuit Court.

POLK for Plaintiffs.

GAMBLE for Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

These were actions of assumpsit brought by the plaintiffs in error, in the circuit court, by attachment. The writ was levied on property, and returned not found as to the defendant. After the commencement of the suit, and before the rendition of the judgment, the defendant below died, and af-

MAY TERM.
1842.

Sweringen
v.
Administr of
Eberius;
and
Sweringen
and Bredell
v.
same.

ter his death, David Edwards, public administrator of Frank-lin county, and also administrator of said Eberius, appeared to the action, and pleaded the general issue ; upon which issue a trial was had, and judgment rendered for the plaintiffs in error, and execution awarded.    A special fieri facias was awarded against the attached property, and at the return term, the administrator moved the court to quash the said fieri facias, and the court, on such motion, quashed the fi. fa.

This act of the court is assigned for error.  The defend-ant in error contends, that the law does not authorise the issuing of an execution against the assets of an intestate ; that the right of issuing an execution does not result from the fact that the property was attached.

The lien of an
attachment is
lost by the
death of the
debtor before
judgment.

The lien by attachment is given against certain persons, who by their conduct subject themselves to the suspicion of fraudulent conduct, the plaintiff in the attachment making oath to such facts as induce this suspicion ; and when the defendant dies, one would suppose that, as he is no longer able to defeat the just claims of his creditors, this lien of the attachment ought also to die.  A judgment obtained in a court of record against a debtor who appears and defends the action, is a lien on the real property of the defendant, and a much more meritorious lien than a lien of attachment, procured simply by the affidavit of the plaintiff ; and yet this lien of a judgment yields its preference, after the death of the defendant. The administrator then steps in and takes possession of the goods.    They are under the guardianship of the law from the moment the defendant dies.    The first section of the fourth article of the act respecting executors and administrators, directs how all demands against the es-tate of any deceased person shall be classed : First, funeral expenses ; second, expenses of the last sickness, wages of servants, and demands for medicine and medical attendance, during the last sickness of the deceased ; third, debts due to the State ; fourth, judgments rendered against the deceased.

An execution
cannot issue
against a dece-
dent's estate,
on a judg-

Thus we see that there are three classes of debts preferred to judgments rendered against the deceased ; judgments, too, rendered in the courts of justice on an investigation of the

merits of the several cases, the defendant being served with notice. If, then, the lien of judgment thus obtained, is made by the statute to yield to the superior merits of the three first classes, it is difficult to conceive that the statute intended by implication to prefer to those classes of debts, the lien obtained by attaching the property of the deceased in his lifetime, when that attachment issues on the affidavit only of merits made by the plaintiff on a supposed disposition in the defendant, to deal fraudulently with his creditors. But the administrator contends further, that the third section of the same article disposes of this very case. It directs that all actions pending against any person at the time of his death, shall be considered demands legally exhibited against the estate, from the time they shall be revived and classed accordly, and lest we should be left in doubt, whether demands against the estate of a deceased person are to be paid according to their classification, the administrator is in express terms commanded to pay all demands, as far as he has assets, in the order in which they are classed, and further directs that no demand of one class shall be paid until all previous classes are satisfied. Sec. 21 of same article.

It appears, then, to me, that the lien created by the issuing of the attachment, is lost when the defendant in the attachment dies; and that the judgment obtained against the administrator must take its class under the act concerning administrators, &c.

The judgment of the circuit court quashing the fieri facias is therefore affirmed.

MAY TERM. 1842.

Sweringen v. Administ'r. of Eberius; and Sweringen and Bredell v. same.

ment obtained against him in his life time; but all such judgments must be classed against the estate, according to the provisions of the administration law.

### Opinion of Scott, Judge.

An execution cannot issue on a judgment obtained against a testator or intestate. The judgment in this case was a general one, and the circuit court did right in quashing the writ of execution. No opinion is given as to the lien of the attachment, or of the judgment.