State to use of McMahan & Huston vs. Hamilton and others.

———————

STATE to the use of McMahan & Huston vs. HAMILTON and others.

1. A sheriff to whom a *capias* was issued, returned, "This execution is returned not satisfied, there being no property of D. found in B. county whereon to levy, and make the same; and the said D. having taken the benefit of the bankrupt law." In an action of debt upon his bond for not arresting the defendant,

State, to use of McMahan & Huston, vs. Hamilton and others.

Held:

1. That a sheriff is not liable to an action of trespass for arresting a person discharged under the bankrupt law.

2. The sheriff may refuse to arrest him; but if he do, it will devolve upon him to shew that the defendant was exempt from arrest.

3. The return of the sheriff is no evidence of that fact in his behalf.

ERROR to Boone Circuit Court.

TODD, for Plaintiff.

The plaintiff contends to reverse the judgment,

1st. That the bond, judgment, execution and default of the sheriff, are fully proven.

2nd. The return on the execution shows a failure to take the body; it was his duty to sieze the body; the excuse offered is no legal justification; the sheriff had no right to judge of the sufficiency of the defendant's discharge under the bankrupt law; it was a legal writ, from a competent court, and the sheriff was justified in arresting. 6 Bacon, 165, 166, 168; 18 J. R. 52; 1 Wend. 32. And if he returns matter in excuse of his duty, he should prove it. 6 Litt. 271; 5 Man. 126.

KIRTLEY, for Defendant.

The errors assigned, are,

1st. The misdirection of the judge to the jury, that the plaintiff had not, by the testimony, made out his cause of action, &c.

2. That the court below erred in not granting a new trial.

The single proposition presented for the consideration of the court by the record in this case, is the propriety of the instruction given by the court to the jury, on the motion of the defendants.

We insist that, that instruction was rightfully given, and rely on the following authorities to sustain it: 3 Littell's Reports, 44, Faris v. Fuqua; 1 Starkie, 330, 2 vol., 2 part. 1033; 3 Phil. Ev. Cowen & Hill's notes, 1083, 1085; Littell's select cases, 138, Cosby v. Bustard.

NAPTON, J. delivered the opinion of the court.

This was a suit upon the bond of Hamilton, sheriff of Boone county,

50

instituted in favor of McMahan and Huston for not arresting the body of one Jesse B. Dale, against whom they had an execution. The breach assigned is, "that said Hamilton did not for want of sufficient goods and chattels, lands and tenements of Dale, whereon to levy and make the debt and costs in the writ, take the body of Dale, although Dale was in the county of Boone, and then and there to be found." The defendants pleaded *non est factum*, and *nil debit*, and also gave notice of special matter of defence. The plaintiff gave in evidence the record of the proceedings in the case of McMahan and Huston against Dale, and of the judgment and execution in that case. The return of the sheriff was as follows : "This execution is returned not satisfied, there being no property of Jesse B. Dale found in Boone county whereon to levy and make the same, and the said Dale having taken the benefit of the bankrupt law. Signed, Aug: 15th, 1842. F. A. Hamilton, sheriff." &c. The plaintiff also offered oral testimony, the object of which was to show that Dale lived in Boone county, and could have been taken under the writ. Upon this evidence the circuit court decided that the plaintiff could not recover, and he therefore submitted to a non-suit, and moved to set it aside. The motion was overruled, and the cause brought to this court by writ of error.

The only question is whether the return of the sheriff is a legal one, and therefore *prima facie* evidence of the facts therein stated.

That an action of trespass could not be maintained in England against a sheriff, for arresting the body of a certificated bankrupt, has been repeatedly adjudged. 2 Black. R. 1190; Douglass, 649. In the last cited case, (Tarlton v. Fisher,) all the judges declared this to be the law, and though the statute under which the plaintiff in that case claimed his exemption, had expressly provided that he should not be liable to arrest by any civil process, yet it was held that the sheriff was bound to obey the mandate of the writ. Lord Mansfield intimated, that if the sheriff chose to take upon himself the truth of the facts, and not arrest the party, he might; and the surrender and compliance with the act would be a good return ; but the sheriff would be answerable. Butler & Ashurst express a very decided opinion that the sheriff could not take upon himself to decide upon the discharge, but must execute the writ.

The same doctrine was held by the supreme court of Massachusetts, in the case of Wilmarth v. Burt, ( 7 Metcalf, 259,) where the effect of a discharge under the insolvent laws of that State was considered. The court declare, that it would paralize the action of an officer, and often defeat the service of legal process, if he were bound to stop, and try

the genuineness and validity of a certificate of discharge under a bankrupt or insolvent law. The certificate may not be legal or genuine, and yet the officer can take no evidence, nor even put the debtor himself under oath to prove it.

The same principle is asserted by the supreme court of New York in the case of Orange Co. Bank v. Dubois, (21 Wend. 353.) The court in this case admit the right of the sheriff to take notice of the *privilege of the person*, but under the peril of showing that the exemption is well founded.' But the court doubt the applicability of this doctrine to process against property, where the defendant has been discharged from the judgment under the insolvent laws.

Under the bankrupt law of the United States of 1841, the certificate is not an absolute discharge; it is not a discharge from fiduciary debts; yet the certificate issued under it is a general one, and if the sheriff takes notice of it, he decides at his peril, how far it is an effective discharge from the execution he is directed to levy.

The return in this case is exceedingly vague and indefinite. It does not return any arrest, or attempt to arrest, nor does it show that Dale claimed any exemption by virtue of the bankrupt law. It simply certifies that Dale had taken the benefit of the bankrupt law. If so, the sheriff must prove that fact, and his return is no evidence to establish it.

Judgment reversed and cause remanded.