MUNDY'S ADMINISTRATOR, Respondent, *vs.* BRYAN, Appellant.

1. A sale of land under execution after the death of the. defendant, the levy having been made before his death, is not void, but at most only voidable. (This case arose under the law as it stood before 1845.)

### *Appeal from Washington Circuit Court.*

*T. C. Johnson*, for appellant. 1. A court has no power to set aside a sale and quash an execution after the term is passed to which it is returnable. 2. The sale was valid. 3. If it was voidable, it cannot be attacked by motion.

*M. Frissell*, for respondent, insisted that the sale was absolutely void, and relied upon *McDonald* v. *Sweringen*, 7 Mo. Rep. 421.

RYLAND, Judge, delivered the opinion of the court.

The facts of this case are as follows : An execution issued in favor of Bryan from the Circuit Court, dated July 8, 1844, against Felix Mundy, which was levied on a house and lot in the town of Potosi, and after the levy and before the sale Mundy died. The sheriff, however, sold the lot—Bryan became purchaser and received a sheriff's deed therefor. The return was made on the execution and is dated October 29th, 1844. Things remained thus until May, 1851, a period of nearly seven years, when Bryan received a notice that a motion would be made to quash the execution. aforesaid. The case was heard at the October term, 1852, and execution quashed and the sale set aside — whereupon Bryan appealed to this court.

1. The question upon these facts involves the validity of the sale by the sheriff of the real estate of the defendant in the judgment, upon an execution issued during the life-time of the defendant, levy also made during defendant's life-time, but sale after his death. This question cannot arise under our present state of the law. The R. C. of 1845 provides for

3—VOL. XVIII.

such an occurrence; its importance, therefore, is limited to cases which have arisen prior to the Revised Code of 1845.

The execution in this case issued upon a judgment obtained in the life-time of Felix Mundy, the intestate; it issued also during his life-time, and was levied on the real estate during his life-time, but the sale took place after his death. What is the effect of such a sale? Will it pass the title from Mundy's heirs to the purchaser? In the opinion of this court, such a sale is not void, and the purchaser will acquire title to the estate sold. There can be no doubt but that the execution properly issued, and was good at the time it did issue. Nothing interposed to make it void, or to render the sale under it void, but the death of the intestate, and this, in the opinion of this court, had no such power. At most, a sale under such circumstances, was but voidable; the execution might, possibly, on motion before the court to which it was returnable, have been quashed.

In the case of *Hanson* v. *Barnes' Lessee*, in the court of appeals of Maryland, 3 Gill & Johns. 359, it was held, that the death of the defendant, before a levy on a *fieri facias* in the hands of a sheriff prior to such death, does not render a *scire facias* against the heirs and *terre tenants* necessary; the sale under a *fieri facias* thus issued and levied, passes title to the purchaser. In that case, the court stated, "that the question was, whether pending proceedings in execution of the judgment, and which were all right and proper at the time of their institution, the death of the defendant suspends them in point of law; or if in fact, they are afterwards put in execution, the law declares them void. If this were a question connected with a levy on personal property, it would be too clear for discussion — the execution would go on, and the plaintiff would have a right to reap the fruits of his judgment. But this is a levy on land. Should it be governed by different principles?" The writ of *extent* on a statute merchant, will not abate by the death of the defendant. 2 P. Wm's. 621. In 2 Saund. 70 (*c.*) it is said, that an extent shall go,

notwithstanding the death of the defendant shall be returned on a *capias si laicus.* The same principles would seem to apply to the writ of *elegit*, in which any further action of the court to give the plaintiff the entire benefit of his execution, becomes unnecessary. Like the writs of *elegit* and *extendi facias* upon a statute merchant, the *fieri facias* requires no other order or action of the court to give to the plaintiff the fruits of his execution. These are reaped when the sheriff discharges his duty in the process. The mandate goes to the sheriff to seize and sell the lands, and if it be regular in its inception, he derives his authority from the writ and he is bound to execute it.

In the case of *Lessee of Massie's heirs* v. *Long and others*, 2 Ohio, 412, the court said, "it is well settled, that if the defendant die after execution is sued out and levied, that the execution proceeds as if the death had not taken place." In this case, the court held, that the sale on execution issued *after* the death of the defendant, upon a judgment in his life-time, of lands of which defendant died seized, was void.

In the case of *Speer* v. *Sample*, in the Supreme Court of Pennsylvania, 4 Watts, 367, it was held, that an execution issued upon a judgment after the death of the defendant, is not absolutely void, but only voidable, and a sale of land upon such execution vests in the purchaser a good title. In the case from Watts, the learned judge who delivered the opinion of the court, reviewed the cases bearing on the subject as far back as Coke, Dyer and Fitzherbert, and shows very satisfactorily, that a sale under an execution issued after the death of a defendant, is not void, but only voidable. This view of the subject does not affect the case of *Sweringen* v. *Administrator of Eberius*, 7 Mo. 421.

In the opinion of this court then, the court below erred in sustaining the motion to quash the execution and in setting aside the sale.

The judgment of the Circuit Court is, with the concurrence

of the other judges, reversed, and the cause remanded, with directions to overrule the motion of the administrator to quash the execution and set aside the sale.