MOUNT, Plaintiff in Error, *vs.* VALLE *et al.* Defendants in Error.

1. Under the act of 1825, a widow's dower was barred by an administration sale to pay her husband's debts.
2. The failure to file the accounts and lists with a petition for an administration sale, will not render the sale void, especially where the petition itself contains a statement of the condition of the estate.

### *Error to St. Louis Circuit Court.*

This was a petition filed by Eleanor Mount, in February, 1852, to recover dower in certain real estate in the city of St. Louis, of which her husband, Britton Mount, died seized in February, 1832. The defendants claimed title under an administration sale, after the death of Mount, to pay debts due from the estate.

On the 9th of August, 1833, Daniel Busby, administrator of Britton Mount, filed a petition praying for an order of sale of the real estate in controversy to pay debts. The petition stated that the proceeds arising from the sale of the personal property of the deceased amounted to $432 64; that the debts already allowed against the estate amounted to $1311 87½, leaving a balance of $968 11, for the payment of which there were no assets in his hands; and that other debts were due from the estate which had not yet been presented for allowance, which would nearly, if not quite, balance the debts inventoried as due to the estate. No separate accounts or lists were filed with the petition. On the same day, the court made an order of publication. On the 5th of November, 1833, upon proof of the publication of the order, according to law, the court made an order of sale. The sale was made and confirmed. The defendants showed title under the sale. The administrator accounted for the proceeds, and upon final settlement the plaintiff received a distributive share of the estate. The court below declared that the sale was a bar to the widow's dower,

and gave judgment accordingly. The plaintiff brings the case here by writ of error.

*S. A. Holmes,* for plaintiff in error. 1. No title passed by the administration sale, because the petition filed by the administrator was not accompanied by the proper accounts, lists and inventories. This point did not arise in the case of *Overton* v. *Johnson,* 17 Mo. Rep. 2. The widow's dower was not affected by the administration sale. Although her dower may be subjected to the payment of debts, it cannot be reached in this way. R. C. 1825, vol. 1, tit. "Administration," §46. Ib. §67. The title to dower becomes consummated upon the death of her husband, and when assigned, the widow is in under the husband and not the heir. That her right was not to be held in abeyance until final settlement may be seen by reference to the Revised Code, 1825, tit. "Dower," §9. 1 Hilliard Abr. 68, 72 and cases there cited. Ib. 76. 4 Mass. 388. 3. The fact that the widow received her distributive share of the estate does not affect her rights here. *Wyatt* v. *Brown,* 8 S. & M. 365.

*R. M. Field,* for defendants in error.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiff, whose husband died in 1832, claims dower in property of her husband, which was sold by his administrator, under an order of the county court of St. Louis county, in 1832, to pay the debts of the intestate.

The defendants rely upon the sale, and upon the fact that the widow settled with the administrator, and received her portion of the surplus arising from the sale of the real estate, after paying the debts.

1. A widow was not entitled to dower under the code of 1825, which was in force at the time of the death of the plaintiff's husband, "until all just debts due or to be due by her deceased husband, shall have been paid." R. C. 1825, 333, sec. 1. The same proviso in which this language is used,

Mount *v.* Valle.

makes a sale of real estate of the husband, under execution in his life-time, a bar to her dower in the estate so sold. In whatever mode, under the law, the property is disposed of for the payment of the husband's debts, the widow could have no right to dower therein. If it was sold after his death by a proper proceeding, in order to pay his debts, her dower is as effectually barred, as if it had been sold on execution in his life time.

2. We next come to consider the objections made to the sale by the administrator, and the only one urged in argument is, that the petition to the county court was not accompanied by the lists and accounts which the law required to be filed with the petition. Remarks were made upon this objection to such sales, in *Overton* v. *Johnson*, 17 Mo. 449, and the opinion is there very distinctly expressed, that the filing of the accounts and lists is not necessary to the jurisdiction of the county court. The jurisdiction is acquired by filing the petition praying the court to make an order, which, under the statute, the court is competent to make. Provision is made for notifying all parties interested to come in and resist the application, and the act contemplates a hearing of parties, and an adjudication upon the subject of the petition, although there are not to be any formal pleadings. The notice to be given is not to be given by personal service, but by publication, and at this term, a sale has been declared illegal, where it appeared by the record to be impossible that the notice could have been published before the order for the sale was made. *Vallé* v. *Fleming*. This notice is a more important fact, in order to the exercise of the power of the court, than the filing accounts and lists with the petition, and yet the Supreme Court of the United States, in *Grignon* v. *Astor*, 2 Howard, 335, held that such notice would be presumed from the subsequent action of the court in ordering the sale.

In the present case, the objection is spun out to the utmost degree of attenuation. The petition filed by the administrator states, upon its own face, that the administrator had sold the

personal property inventoried as belonging to the estate, and that the proceeds amounted to $432 64; that the amount of debts due and allowed by the court against the estate, was $1311 87½, leaving a balance against the estate of $968 11½, for the payment of which sum there were no assets in his hands belonging to the estate; that there were, to the knowledge of the administrator, debts due by the estate, but not yet allowed by the court, which would nearly, if not quite balance the debts inventoried as due to the estate. Upon the filing of this petition, the court makes the order of publication, reciting that the administrator had filed his petition praying for an order for the sale of the real estate, containing the accounts, lists and inventories required by law in such case." At the next term, the publication required by law is proved, and the order of the court recites " that the court proceed to hear the testimony produced, and to examine the parties who appear, touching the application of the administrator for the sale of the real estate, and it being satisfactorily proved to the court that there are not sufficient personal estate and effects of the deceased, charged with the payment of debts, nor sufficient assets in the hands of the administrator to pay the debts due by the estate, thereupon it is considered, ordered and decreed," &c. The time and terms of sale, and the notice to be given are fixed, and at the next term, the administrator makes his report, showing his compliance with the order, in making the sale, and the sale is confirmed by the court. It certainly would sound strangely if a court should decide that it was necessary that the lists and accounts should be upon a different paper from the petition, and that the fact that the administrator incorporated the particulars of such accounts and lists in his petition, was an objection to the jurisdiction of the court, and affected the validity of the sale. In this petition, the administrator does not state the amount of debts due to his intestate, but he states that the amount, as shown by the inventory, will be equalled by debts due from the estate, not yet allowed. Taking the statements of the petition to be true, there was an evident necessity

for selling the real estate. The court acted upon the petition, regarding it as sufficiently showing the condition of the estate and the propriety of ordering the sale. It acted within the limits of its jurisdiction, and there is no objection to the sale that can affect the title acquired under it.

The judgment of the court is affirmed, with the concurrence of the other judges.