Brown v. Woody, Adm'r.

————o————

JANE BROWN Respondent, *vs.* JOHN WOODY, ADM'R, ETC., Appellant.

1. *Judgment—Jurisdiction, want of, how shown.*—Jurisdiction must be shown by the whole record, and where it appears from it that the court had no jurisdiction, either over the person or subject matter, the judgment rendered is void. But from the simple judgment entry the conclusion cannot be drawn that the court had no jurisdiction.

2. *Jurisdiction over person and subject matter.*—Jurisdiction over the subject matter cannot be conferred by consent, but jurisdiction over the person may.

| 64 | 547 |
| 31a | 86 |
| 64 | 547 |
| 98 | 260 |
| 64 | 547 |
| 105 | 92 |
| 64 | 547 |
| 54a | 152 |
| 64 | 547 |
| 123 | 277 |
| 125 | 209 |
| 58a | 639 |
| 64 | 547 |
| 64a | 402 |
| 64 | 547 |
| 72a | 403 |
| 64 | 547 |
| a83a | 149 |

3. *Dower—Suit to enforce, where brought.*—Suit to enforce claim for dower can be brought only in the county where the land is situated.

4. *Judgment against estate of deceased person.*—A judgment cannot be enforced by execution against the estate of a deceased person, but must be classified, like other demands, against the estate.

### *Appeal from Christian County Circuit Court.*

*James R. Vaughn,* for Appellant, cited: Dodson, Adm'r, vs. Scroggs, Adm'r, 47 Mo. 285 ; Cones vs. Ward, Adm'r, Id. 289 ; State *ex rel.* Renick vs. St. Louis County Court, 38 Mo. 402 ; Gould vs. Hayes, 19 Ala. 450 ; Comm. vs. Hudson, 11 Gray, 64, 65.

*C. W. Thrasher, with H. C. Young,* for Respondent, cited: Hembree vs. Campbell, 8 Mo. 572 ; Dodson vs. Scroggs, 47 Mo. 285 ; Local Acts, Gen. Assembly 1855, p. 58, § 4 ; Swearingen vs. Wood, Adm'r, 7 Mo. 421 ; Carson vs. Walker, 16 Mo. 68 ; Miller vs. Doan, 19 Mo. 650 ; Wernecke vs. Wood, Adm'r, 58 Mo. 357 ; Howard vs. Thornton, 50 Mo. 291 ; Phillipson vs. Bates, 2 Mo. 116.

NORTON, Judge, delivered the opinion of the court.

The plaintiff recovered judgment in the probate and common pleas court of Greene county, against the defendant, as administrator of A. Woody, deceased, which judgment was ordered by said court to be certified to the probate court of Christian county. On the 29th of October, 1873, plaintiff having given the requisite notice of her intention so to do, presented to the probate court of Christian county a certified transcript of said judgment for classification against the estate of A. Woody, deceased. The defendant appeared, and the said court, after hearing the cause, ordered said judgment to be placed in the 5th class of claims against the estate of said deceased. From this judgment defendant appealed to the circuit court of Christian county, which court affirmed the judgment of the probate court, placing said judgment in the 5th class of demands against the estate of the deceased. From this judgment defendant, having made an ineffectual motion for a new trial, appealed to this court.

On the trial of the cause plaintiff offered in evidence the following judgment, rendered by the probate and common pleas court of Greene county: Jane Brown, plaintiff, vs. J. M. Woody, Adm'r of Abraham Woody, deceased. Now, at this day comes on again to be heard this cause as to the damages claimed by plaintiff, for use, and occupation, and rents and profits of lands described in plaintiff's petition as the homestead of John D. Brown, deceased, the dower having been heretofore assigned by the order and judgment of this court on the agreement of parties in interest, and said cause continued as to the damages claimed by said Jane Brown, and the said parties being present by their attorneys, and neither party requiring a jury for the trial of said cause, but submitting the same to the court for the purpose of finding the facts in said cause; whereupon, after hearing the evidence in the cause, the court doth find that the said Jane Brown is the relict and widow of the said John D. Brown, deceased, and that the messuages described in the petition were the homestead of said John D. Brown, deceased, in possession; that the said John D. Brown, deceased, on or about the 1st day of November, 1864, and the said Abraham Woody, deceased, in his life time, and that said John H. Woody, administrator of said A. Woody, deceased, occupied the said messuages for the years 1865 and 1866, during the time for which the said Jane Brown was entitled to the possession and occupancy of the same, as such widow, and that the rents and profits of the same were worth three hundred dollars a year for each of said years 1865 and 1866. It is, therefore, considered and adjudged by the court that said plaintiff have and recover of and from the said John H. Woody, as such administrator, the sum of six hundred dollars for damages, and that she have her damages and costs and charges, and that the same be certified to the probate court of Christian county, Missouri.

This judgment, properly certified, was the only evidence offered in the case, and to its introduction defendant objected, urging in support of his objection, that the judgment was void, because the probate and common pleas court of Greene county had no jurisdiction either over Woody, as administrator, or the

subject matter of the suit, and because the said judgment having been rendered for damages for non-assignment of dower of lands in Greene county, belonging to the estate of A. Woody, deceased, the probate court of Christian county had no power or jurisdiction to award execution against the lands.

It may be inferred from the judgment, that the proceeding in which it was rendered was instituted for assignment of dower to plaintiff in lands in Greene county. When it was commenced does not appear. Whether it was begun in the life time of A. Woody or after his death, we are left to conjecture. How long it had been pending cannot be learned from the judgment. When Woody died, or how or when his administrator was made a party, cannot be ascertained from the record before us. It does, however, appear that A. Woody, in his life time, and his administrator, occupied the lands for the years 1865 and 1866 ; that during that time Jane Brown, the plaintiff, was entitled to the occupancy of the same, and that the rents and profits were worth $300 per year.

We are asked, from the meagerness of the facts disclosed in the judgment, to declare that the court rendering it had no jurisdiction. Jurisdiction must be shown by the whole record, and when it appears from it that the court had no jurisdiction either over the person or subject matter, the judgment rendered in such case is void. From the simple entry, however, of a judgment, the conclusion cannot be drawn that the court rendering it had no jurisdiction.

Jurisdiction over the subject matter of an action cannot be conferred on a court by consent. The law alone, and not consent of parties, must determine what matters each court may determine. Jurisdiction over the person may be waived. If, therefore, the judgment read in evidence shows that the court had jurisdiction over the subject matter of the suit to which it related, it was properly admitted in evidence, as the appearance of defendant to the merits of the action waived the question of jurisdiction over the person. (Hauler vs. Campbell, 8 Mo. 572 ; Howard vs. Thornton, 50 Mo. 292 ; Dodson vs. Scroggs, 47 Mo. 285.)

Under an act of the legislature (Local Laws 1855, p. 57, § 4), creating the probate and common pleas court of Greene county, among other things, it is provided that the court created by it shall "have exclusive original jurisdiction to hear and determine all disputes and other proceedings instituted against executors, or administrators, upon any demand against the estate of the testator or intestate, and proceedings for the assignment of dower in real and personal estate, in such manner as is now provided by law."

If the proceeding in which this judgment was rendered was a proceeding for the assignment of dower (and that such was the character of it, we think, is manifest from the statements contained in the judgment), then the jurisdiction of the probate and common pleas court of Greene county, over the subject matter of the suit, is unquestionable, for jurisdiction in such cases is expressly given, as above shown, in the law creating it. If the lands in which dower was claimed were located in Greene county (and this is conceded in defendant's objection), the suit to enforce the claim, and have dower assigned, could only be brought in that county.

It is said, that as the law provides for the issuance of an execution against the lands in which dower is claimed for damages, assessed to the party entitled to dower, that the judgment in plaintiff's favor should not have been claimed as a demand against this estate, but that the only manner of enforcing the judgment was by a special execution.

It is needless to cite authorities to show that an execution cannot issue against the estate of deceased persons. No such proceeding has been allowed in this State since 1827. Judgments against such persons, or their representatives, have to be classed as other demands, under our statute and repeated decisions of this court. (Wernecke vs. Wood, Adm'r, 58 Mo. 352 ; Swearingen vs. Adm'r of Elemis, 7 Mo. 421 ; Cowan vs. Walker, 16 Mo. 68 ; Mitten vs. Doan, 18 Mo. 650.)

Perceiving no error in the action of the trial court, the judgment is affirmed with the concurrence of the other judges, except Sherwood, C. J., absent.