LYMAN UPHAM, Deputy Sheriff, *vs.* CHRISTOPHER G. DODGE.

An attachment bond given under Gen. Stat. R. I. cap. 196, § 20, is vacated by the death of the defendant before final judgment against him in the action in which the bond is given.

DEBT. On demurrers to pleas and replication.

This action being debt on an attachment bond given under Gen. Stat. R. I. cap. 196, § 20, was brought in the Court of Common Pleas and appealed to this court. The plaintiff declared against Christopher G. Dodge and Charles Williams, who were the sureties, the principal of the bond being dead. No service of process was made on Williams, neither himself nor any estate of his being within the officer's precinct.

The pleas were : —

1. Not the defendant's deed, — closing to the country.

2. After craving oyer, the plea stated that one Caleb Rodman was the principal of the bond, that the bond was conditioned on a final judgment against Rodman, and that no such judgment had been rendered, — closing with a verification and prayer for judgment whether the plaintiff ought to maintain his suit.

To this second plea the plaintiff replied *precludi non*, because pending the original action Rodman died, also his executor, whereupon an *administrator de bonis non* was appointed, who was cited into court and against whom final judgment was recovered ; alleging that execution issued and was returned unsatisfied ; that the judgment was unpaid, and that the defendant refused either to pay the judgment or to return the goods and chattels mentioned in the bond. General demurrer and joinder.

3. The plea stated the death of Rodman pending the action against him, and the consequent abatement of the action and dissolution of the attachment, whereby the bond became void, — closing as the second plea. General demurrer and joinder.

4. The plea stated the death of Rodman testate, proof of his will, and issue of letters of administration, whereby the title to the goods and chattels mentioned in the bond vested in the executor, — closing as the second plea. General demurrer and joinder.

*Henry J. Spooner*, for the plaintiff, in support of the demurrers to the third and fourth pleas.

I. This bond, with its condition, should be construed as if it strictly conformed with the terms of the statute, rejecting all surplus matter, not required by the statute, as surplusage and a nullity.

Therefore all parts of said bond and condition, limiting the effect of said bond to any judgment recovered or execution issued against the defendant in the original suit personally, should be rejected, and the bond construed as if in conformity with the statute. *Clayton* v. *Anthony*, 15 Grat. 518; *United States* v. ————, 1 Brock. 195; *Dixon et al.* v. *U. S.* 1 Brock. 177; *Walker et al.* v. *Chapman*, 22 Ala. 116.

II. The giving of this bond discharged the personal property mentioned therein from the attachment in the original suit of *Knobb* v. *Rodman;* and the obligors assumed the liability under the bond provided by the statute. *Jones* v. *Peasley*, 3 Greene (Iowa), 52; *Brown* v. *Clarke*, 4 How. U. S. 4; *Schuyler* v. *Sylvester*, 28 N. J. Law, 487.

III. The death of the defendant Rodman in the original suit did not discharge the sureties on the bond in question.

That an attachment of real estate is dissolved by death of defendant, as decided in *Vaughn* v. *Sturtevant*, 7 R. I. 372, does not affect this question ; for the attachment of personal property in this case was dissolved by giving the bond in question (Point II., *supra*) ; and the definite liability assumed by the obligors in this bond is what this action seeks to enforce.

A case closely in point with the present case, and under a similar statute, to which the attention of the court is particularly requested, is *Gass* v. *Smith et al.* 6 Gray, 112.

*George B. Barrows*, for the defendant, *contra*, and in support of the demurrer to the replication to the second plea.

*July* 28, 1877. DURFEE, C. J. The demurrers raise the question whether an attachment bond, given under Gen. Stat.

R. I. cap. 196, § 20, continues to be obligatory if the defendant in the action in which the bond is given dies before final judgment is recovered against him.

The bond is given, on surrender of the property, attached to secure its return after judgment against the debtor unless the judgment is satisfied. The bond is void by its condition, if, " after final judgment in the action in which such attachment shall have been rendered," [1] the property is returned. The obligee, therefore, can maintain no suit on the bond until " after final judgment in the action in which the attachment has been rendered." In the case at bar the defendant died before final judgment, and his administrator being summoned in, judgment was entered against him. Was the judgment in legal contemplation a judgment in the action in which the attachment was made? In *Vaughn* v. *Sturtevant*, 7 R. I. 372, this court decided that an attachment of real estate in an action of assumpsit is dissolved by the death of the defendant before final judgment. The ground of the decision was, that at common law the death of the defendant would have abated the suit, which thereupon would have been dismissed completely out of court, and that our statute goes no further than to prevent the dismissal and allow the action to proceed against the executor or administrator, the same as if it had been commenced against him. Beyond this it was said the statute saves nothing of the incidents of an abatement. The action is conserved only by being converted into an action against the administrator, having only the remedies which are appropriate to such an action. After being so converted it is no longer the action in which the attachment was made. This is a technical construction, but it is not unreasonable. It is not denied that if the property had remained under attachment, it would have been released by the death of the defendant, and, by analogy, it would seem that the bond which represents the attachment should have the same privilege. It might make a great difference to the sureties whether the action was defended by the original defendant or his administrator ; for the administrator, for want of information or interest, might lose a suit which his intestate would have won. As a contract of surety-

---

[1] The words of the statute.

ship the bond is to be accurately if not strictly construed. *Tucker* v. *White*, 5 Allen, 322 ; *Andre* v. *Fitzhugh*, 18 Mich. 93. And it is to be remembered, moreover, that the law gives new and peculiar remedies, when the action proceeds against an executor or administrator, which, when the estate is insolvent, if not when it is solvent, are utterly inconsistent with the requirements of the bond. See *Davenport* v. *Tilton*, 10 Met. 320 ; *Sweringen* v. *Administrator of Eberius*, 7 Mo. 421.

> *The plaintiff's demurrers to the defendant's third and fourth pleas are therefore overruled. The defendant's demurrer to the plaintiff's replication to the second plea is sustained, and judgment will be entered for the defendant for his costs.*