ANDERSON B. BRYAN v. MARGARET BAUDER, *et al.*

ADMINISTRATOR'S SALE AND DEED, *Valid.* Where the petition of an administrator, filed in the probate court, for authority to sell real estate to pay debts due from the estate only alleges the property is situate in the county where the petition is filed, and fails to contain any other description of such property, but sets forth all the other facts required to be stated in a petition of this character, *held*, that the petition is not fatally defective. And also *held*, that such omission does not render the sale void, or the deed invalid.

*Error from Miami District Court.*

EJECTMENT, brought by *Margaret Bauder* and two others, plaintiffs, against *Bryan*, to recover certain real estate. Trial by the court, at the November Term, 1875. Upon the trial it was admitted that Simeon Bauder owned the land in controversy at the time of his death in 1860. The plaintiffs proved that they were the heirs of Simeon Bauder. Bryan relied for his title and possession upon an administrator's deed of the date of March 22, 1870, which he attempted to introduce in evidence, but said deed and the proceedings were by the court held incompetent testimony. Judgment was rendered in favor of the plaintiffs, the heirs at law of Simeon Bauder. *Bryan* brings the case here on error.

*W. T. Johnston,* and *Beeson & Baker,* for plaintiff in error.

*Simpson & Brayman,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought in the court below by the heirs at law of one Simeon Bauder, to recover certain real estate in Miami county, of which Simeon Bauder died seized in the fall of 1860. The plaintiff in error (defendant below) claimed title under an administration sale, after the death of said Bauder, to pay debts due from the estate.

On the 3d of February, 1870, A. J. Shannon, administrator of Simeon Bauder, deceased, filed a petition in the probate court of Miami county, for an order of sale of real estate to pay debts. The petition stated that the proceeds arising from the sale of .the personal property of the deceased amounted to $31.31; that the personal property on hand was worth $2.05; that the debts amounted to $165, and the costs and accruing costs of administration would be $85 more; that there would not be funds in his hands to pay the debts without selling a part of the real estate belonging to the deceased, and that the land was situated in Miami county. No other description of the real estate was set forth. Thereupon, the court made an order of publication. On the 21st of February, 1870, upon proof of the publication of the order, according to law, the court made an order of sale. This order fully described the land in controversy. On March 22d, 1870, the sale was approved and confirmed. The administrator's deed was executed and acknowledged the same day. The plaintiff in error offered to show title under the sale. The court held the administrator's deed invalid, and refused to receive it in evidence, on the ground that the probate court had not jurisdiction, because the petition to the probate court for authority to sell the land did not contain a sufficient description of it. Sec. 115, ch. 37, of the act relating to executors and administrators, provides that, "in order to obtain such authority [to sell the real estate of the deceased] the executors or administrator shall file his petition in the court which issued his letters testamentary or of administration." Sec.

117 directs, "the petition shall set forth the amount of debts due from the deceased, as nearly as they can be ascertained, and the amount of charges of administration, the value of the personal estate and effects, and a description of the real estate to be sold." It is well established that when a court has jurisdiction of the subject-matter and of the parties in an action, the orders and judgment of the court are not void on account of mere defects in the pleadings or irregularities in the subsequent proceedings. In selling the real estate of decedent, complete jurisdiction is acquired by filing the petition praying the court to make an order, which under the statute the court is competent to make, and giving the notice of the time and place of the hearing of the petition. The filing of a petition and giving notice to the heirs are jurisdictional acts. The action of the court is upon the petition. All parties interested, after due notice, are required to come in and oppose the application. The statute contemplates a hearing of parties, and an adjudication upon the subject of the petition. Whether the petition is in proper form, or sets forth sufficient facts, are matters for the determination of the court in the exercise of its jurisdiction. Of course, if a mere blank paper is filed as a petition, jurisdiction would not attach, because there would be nothing for the court to act upon; but when a petition contains sufficient matters to challenge the attention of the court as to its merits, and such a case is thereby presented as authorizes the court to deliberate and act, although defective in its allegations, the cause is properly before the court, and jurisdiction is not wanting. This principle underlies all judicial proceedings. The omission of a fuller description of the land in the petition was clearly unintentional, and its mere omission, the petition being otherwise sufficient, did not invalidate the proceedings in the probate court, or render void the deed of March 22d, 1870. The allegation that the land was situate in Miami county was some description, and no property was ordered sold but what was situate in said county. Hence the order to sell really described the property in the petition, but described it more

7—23 KAS.

fully, and at greater length, and in such a manner that it could be identified. (17 Mo. 442; 19 Mo. 621.)

Counsel urge that the deed is invalid because the record of the probate court fails to show any debts or demands allowed against the estate of said Simeon Bauder, deceased. We think this immaterial. The validity of the administrator's deed does not depend upon the irregularity of the proceedings in that court, but whether jurisdiction was acquired. We hold that the court had jurisdiction. (See *Fleming v. Bale*, ante, p. 88.)

The judgment of the district court will be reversed, and the case remanded for a new trial, in accordance with the views herein expressed.

All the Justices concurring.