JANE BROWN, Respondent, v. J. C. WOODY, ADMINIS-
TRATOR, ET AL., Appellants.

### St. Louis Court of Appeals, May 11, 1886.

1. ADMINISTRATION—SALE OF LANDS TO PAY DEBTS—DEFORCEMENT OF DOWER—RES JUDICATA.—On appeal from an order directing the sale of lands of a decedent to satisfy a judgment against him which the supreme court had ordered to be placed in the fifth class, the order of the supreme court, so classifying the judgment, has the effect to make it payable out of the decedent's general estate, notwithstanding the judgment was for the deforcement of the widow's dower, which, under the statute, is enforceable only against the land in which the dower had been assigned. Rombauer, J., dissents.

2. ——— A classification of the judgment by the supreme court precludes an inquiry as to whether such judgment was void and as to the jurisdiction of the court which rendered it.

3. ——— JUDGMENTS—COLLATERAL ATTACK—FRAUD.—A judgment can not be attacked for fraud in a collateral proceeding by one who was privy to it, and the discharge of an administrator upon final settlement is, in effect, a judgment.

4. ——— An administrator's failure to file the accounts, lists, and inventories required by the statute, is no objection to an order of sale to pay a demand against the estate, where it otherwise appears that the personal assets have been exhausted.

5. ——— PLEADING—PRACTICE.—A failure to state in direct terms in the petition that there are no personal assets is not ground for a reversal, where it is inferentially stated and conclusively proved.

6. ——— An order to sell lands to pay a classified demand must direct the administrator to make the sale, although he is a party defendant and an heir in possession of a part of the land. It is error to order the owner of the demand to make the sale.

APPEAL from the Christian County Circuit Court, W. F. GEIGER, Judge.

*Transferred to the Supreme Court.*

JAMES R. VAUGHAN and D. M. PAYNE, for the appellants : Payment of claims for the deforcement of dower can only be enforced by execution or proceeding against the lands out of which the claim or judgment arose. 1 Rev. Stat., p. 370, sect. 2228; *Brown v. Woody*, 64 Mo. .547. "Under our statute respecting administration and the repeated adjudications of this court therein, probate courts possess no power to allow any claims against a decedent's estate, or to order the sale of land belonging thereto, except for the payment of the debts of the deceased, *i. e.*, those in existence at the date of his death." *Presbyterian Church v. McElhaney, Adm'r*, 61 Mo. .540; *Aubuchan v. Long*, 23 Mo. 99 ; *Garnett v. Carson*, 11 Mo. App. 290; *Ferguson v. Carson*, 13 Mo. App. 29 ; *Fenix v. Fenix*, 80 Mo. 27. "If the personal estate became insufficient to pay the debts in consequence of the *devastavit*, or neglect of duty of the administrator, the law furnishes a speedy and efficient remedy on the administration bond, which in the first instance should be pursued." *Merritt v. Merritt*, 62 Mo. 150 ; *Callahan v. Griswold*, 9 Mo. 785 ; *Pearce v. Calhoun*, 59 Mo. 271 ; *North v. Priest*, 9 Mo. App. 586.

C. W. THRASHER and J. J. GIDEON, for the respond-
ent: The judgment of Jane Brown, the respondent, v. J.
H. Woody, administrator of the estate of Abraham
Woody, deceased, and the classification of the same in
the fifth class of demands against said estate, being final
judgments of courts of competent jurisdiction, are *res ad-
judicata* as to the matters determined therein, and bind-
ing and conclusive upon the parties to this proceeding ;
and the same matters can not be re-opened or inquired into
in this collateral proceeding. *Crespin v. Hannavan*, 50
Mo. 415 ; *Cooley v. Warren*, 53 Mo. 166 ; *Shroyer v.
Nickell*, 67 Mo. 589 ; *Brown v. Woody*, 64 Mo. 547 ;
*Greenbaum v. Elliott*, 60 Mo. 25 ; *Townsend v. Town-
send*, 60 Mo. 246 ; *Chouteau v. Gibson*, 76 Mo. 38 ; *Cald-
well v. White*, 77 Mo. 471. The classification of the
claim of the respondent against the estate of said deceased
has the force and effect of a judgment, and can only be
attacked, or set aside, or modified in the same manner as
any other judgment. *Miller v. Janney's Ex'r*, 15 Mo.
265 ; *Nelson & O'Bryan v. Russell's Adm'r*, 15 Mo. 357 ;
*Jillett's Adm'r v. Union National Bank*, 56 Mo. 304. The
failure of the appellant administrator to file the lists and
inventories required by the statutes to be filed by him in
this case, did not affect the jurisdiction, or invalidate
the judgment, of the court below. *Overton v. Johnson*, 17
Mo. 442 ; *Mount v. Valle*, 19 Mo. 621 ; *Grayson v. Wed-
dle*, 63 Mo. 523. The final settlement of John H. Woody,
former administrator of the estate of said Abraham
Woody, deceased, is a final judgment, and would bar a
suit on his bond for waste by a creditor, or any one else.
*Sheetz v. Kirtley*, 62 Mo. 417 ; *Jones v. Brinker*, 20 Mo.
87 ; *The State v. Roland*, 23 Mo. 95 ; *Mitchell v. Wil-
liams*, 27 Mo. 399 ; *Sullivan County v. Burgess*, 37 Mo.
300. The judgment being for the right party, the clerical
error in the order of sale should be corrected, and the
order of sale affirmed. *Phillips v. Evans*, 64 Mo. 17 ;
1 Rev. Stat., sect. 3775, p. 642 ; *Miller v. Newman*, 41 Mo.

509 ; *Hunter v. Miller*, 36 Mo. 143 ; *Orth v. Dorschlein,* 32 Mo. 366 ; *Hoskinson v. Adkins*, 77 Mo. 537.

Thompson, J., delivered the opinion of the court.

In 1872 the plaintiff recovered a judgment, in the probate and common pleas court of Greene county, against John H. Woody, as administrator of the estate of A. Woody, deceased, for damages in the sum of six hundred dollars for the deforcement of her dower by A. Woody in his lifetime, and afterwards by John H. Woody, his administrator. This judgment was, by the probate and common pleas court of Greene county, ordered to be certified to the probate court of Christian county for allowance against the estate of A. Woody, deceased, there in course of administration. A transcript of this judgment was presented to the probate court of Christian county, and ordered to be placed in the fifth class of claims against the estate of the said decedent. From this order of classification John H. Woody, the administrator, appealed to the circuit court of Christian county, by which court the order was affirmed. From this judgment of affirmance John H. Woody again appealed to the supreme court, in which court the judgment was again affirmed. *Brown v. Woody*, 64 Mo. 547. This was in 1877, twelve years after the deforcement of the plaintiff's dower had taken place. In 1882, J. C. Woody, administrator *de bonis non* of the estate of A. Woody, deceased, successor to John H. Woody, filed his final settlement in the probate court of Christian county, showing that the personal assets of the estate had been fully administered and that there was a balance due him as administrator, whereupon an order was entered that he be discharged. It also appears that thereafter, upon a petition presented by J. C. Woody, administrator *de bonis non* of the estate of A. Woody, deceased, an order was made in 1883, by the probate court of Christian county, to sell certain lands belonging to the estate of A. Woody, deceased, situated in Greene county, to satisfy the above named judgment of this

plaintiff; that a sale was had under this order, but that this sale resulted in producing no more than one hundred and thirty-five dollars.

To satisfy the residue of this judgment the plaintiff, after having given notice to the administrator, as required by the statute (Rev. Stat., sect. 150), presented her petition in the probate court of Christian county, praying for the sale of certain lands of the decedent situated in that county. From the order made upon this petition by the probate court of Christian county, an appeal was prosecuted to the circuit court of the same county. The circuit court made an order of sale, as prayed for in the petition, and from this order the present appeal is prosecuted to this court.

I. The first point made by the appellant is, that the order of sale is erroneous, because it appears from the record of the cause in the probate and common pleas court of Greene county, which resulted in the judgment in favor of the plaintiff, that the judgment was rendered for damages for the deforcement of her dower, and that, under section 2228, Revised Statutes, such a judgment can only be enforced by execution against the estate in which dower was assigned. This precise question was presented to the supreme court on the appeal from the order of the probate court of Christian county, classifying this judgment as a demand against the estate of A. Woody, deceased, and it was held that it was not well taken, because the statute does not apply in respect of the estates of deceased persons, against which no execution can issue. *Brown v. Woody,* 64 Mo. 547, 551.

II. The next objection is that the classifying of the judgment in the probate court of Christian county was void, because it appeared by the judgment itself that a portion of the damages accrued subsequent to the death of A. Woody. A conclusive answer to this is, that in the case just cited, the supreme court affirmed the judgment ordering the classification, and we have no power to re-

verse and set aside the judgments of the supreme court, especially in collateral proceedings. The judgment of the probate and common pleas court of Greene county is set out at large by the supreme court in its opinion in the case already alluded to, at 64 Mo. 549, and shows on its face the fact upon which the contention that it could not be classified as a demand against the decedent's estate is predicated. The question should have been raised then. It is a settled rule that the judgment of a court of competent jurisdiction concludes not only the questions which were presented, but, also, the questions which might have been presented for decision.

III. The question of the jurisdiction of the probate and common pleas court of Greene county to render the judgment which was thus classified, was presented to the supreme court, in the case already stated, and decided in the plaintiff's favor. It is, therefore, not open for re-examination here.

IV. A declaration of law was asked by the defendants embodying the principle that the judgment of the probate and common pleas court of Greene county could be attacked in this proceeding for fraud. The defendant Woody is precluded from setting up this defence upon well understood principles, this being a proceeding collateral to the Greene county judgment, and he being a privy thereto, it having been obtained against his predecessor in the office of administrator of A. Woody. The defence seems to be open to the other defendants, who are strangers to that record. *Callahan v. Griswold*, 9 Mo. 784, 792. But they have not availed themselves of it by offering any evidence tending to show fraud or collusion in that judgment.

V. The objection that no order of sale could be legally made, because the administrator failed to file the accounts, lists, and inventories which are required in such a case to be filed by section 151, Revised Statutes, does not seem to be well taken. It is true that, under the terms of this section, he could have been required to file such lists by at-

tachment. But notice was given to him to do so by the plaintiff, and he refused; and, so far as he is concerned, it does not lie in his mouth to set up his own wrong in this regard. In such a case, the creditor is not obliged to produce the inventories required, and his failure to do so after notice does not avoid the sale. *Grayson v. Weddle*, 63 Mo. 523; *Overton v. Johnson*, 17 Mo. 442; *Mount v. Valle*, 19 Mo. 621. We concede, however, that this might, in certain cases, be such an irregularity as would require a reversal of the order of sale upon an appeal therefrom. But in order that this result should follow some prejudice ought to appear. The object of the filing of these accounts, lists, and inventories manifestly is to apprise the court of the condition of the estate, and to make it appear that the personal estate is exhausted, and that it is necessary to resort to the real estate to pay the petitioner's demand. Where this otherwise appears from the record, it is manifest that no prejudice results from the failure of the petitioner to coerce the administrator by attachment into a performance of his duty in this regard. Here the record conclusively shows that the personal estate was exhausted.

VI. The failure to state in direct terms in the petition that there were not personal assets in the hands of the administrator, out of which to pay the plaintiff's demand, ought not, in this case, to work a reversal of the order of sale, because this is stated inferentially in the petition, is conclusively proved, and, in fact, not disputed, and the effect of a reversal would be merely to reverse a judgment in order to allow the petition to be amended.

VII. There is no just foundation in the record for the contention that the remedy of the plaintiff, if she has any, is an action against John H. Woody, the former administrator, upon his official bond, for a *devastavit*. The rule is not doubted that where an administrator misapplies the personal assets so that, upon a proper accounting, there would be found enough in his hands to pay the

particular debt, the real estate which has descended to the heirs can not be sold to pay such debt, but that the remedy is against the administrator upon his bond. *Merritt v. Merritt*, 62 Mo. 150. But this principle can have no application where the administrator upon due notice has filed his final settlement and has been discharged. The discharge of an administrator upon final settlement has the binding force and effect of a judgment, and can not be assailed in a collateral proceeding by persons who were parties to it. *Sheetz v. Kirtley*, 62 Mo. 417. John H. Woody made his final settlement and was discharged in 1874, three years before the plaintiff's demand was finally established against the estate by the judgment of the supreme court. In this state of facts no remedy remained to her against John H. Woody on his official bond.

VIII. The order of sale, as drawn, directs the sale to be made by the plaintiff instead of by the administrator. We do not see that the statute anywhere in direct terms prescribes that the sale shall, in all cases, be made by the administrator, though section 167, Revised Statutes, seems to contemplate this. In this case the administrator is personally interested in preventing the sale, and defends in his personal as well as in his representative capacity. He may, therefore, be an unfit person to make the sale. For the same reason the plaintiff is an unfit person to make it, and there seems to be no warrant in the law for directing the plaintiff to make it. This clause in the order of sale was probably the result of a clerical error, and we are asked to direct the court below in what manner to amend it. We can not affirm an order which, on its face, is irregular, and at the same time direct its correction.

We must reverse the order as made and remand the cause, directing the circuit court of Christian county to amend the order so as to require the administrator to make the sale. It is so ordered. Lewis, P. J., concurs; Rombauer, J., dissents.

*Supplementary order.* The Honorable R. E. Rombauer, one of the judges of this court, being of opinion that the foregoing decision is contrary to the decision of the supreme court in *Brown v. Woody* (64 Mo. 547), it is ordered that this cause be transferred to the supreme court, with the concurrence of all the judges.

ROMBAUER, J., delivered a dissenting opinion.

I am unable to concur with my associates. The judgment which was recovered by the plaintiff in the probate and common pleas court of Greene county, and which is the foundation of this whole proceeding, was under the provisions of the statute, a claim enforceable only against the estate in which dower was assigned, and against no other property whatsoever.

The language of the statute is clear and unambiguous. It provides that: "In all cases of judgments for damages or yearly allowance, in favor of any widow, * * * execution thereof shall be awarded only against the estate in which dower shall have been assigned." Rev. Stat., sect. 2228.

It is not pretended that had Abraham Woody lived a general execution could have been issued against him on this judgment, because the statute made it a lien and claim exclusively on the estate in which dower was assigned. When that estate was exhausted the claim was exhausted likewise. That it was exhausted in this instance, by sale of all the lands in which the dower had been assigned, upon an order of sale issued on this judgment, stands admitted by the record.

My associates contend that argument of this question is precluded by the opinion of the supreme court on the former appeal (64 Mo. 551). They contend that when the supreme court upheld the classification of this judgment, as a demand against the estate of A. Woody, that court

necessarily decided.that it was a general demand, and entitled to be paid out of the general assets of the estate.

I differ from my associates in their interpretation of the opinion of the supreme court. That court, in my opinion, never intended to announce the startling proposition, that the rights of any claimant can be greater against the heir and representative, whose liabilities are derivative, than they were against the ancestor or decedent in whose shoes they stand. That court was as powerless to overrule the statute as this court is, and the intent of the statute can not be misunderstood.

What the supreme court, in my opinion, intended to say, and what it really did say, was simply this. As no execution, technically speaking, can be issued against the estate of a decedent, claims of this character, although they are claims against part of the estate only, have to be enforced through the instrumentality of the administration laws.

Giving that interpretation to the opinion of the supreme court, and it will be found that its language is thoroughly consistent throughout, and does no violence to the clear intent of the statute above referred to.

In my opinion, judgment should be entered for the appellants in this court, upon the facts admitted by the record.