# IN RE GRADING BLEDSOE HILL, BUCHANAN COUNTY, v. HENRY BLEDSOE, Appellant.

**Division Two, July 13, 1909.**

1. **APPEAL: Time Prescribed by Statute.** The right of appeal is purely statutory, and the steps prescribed by the statutes must be taken in order to vest the appellate court with jurisdiction, and these steps must be taken within the time stated in the statute.

2. ———: ———: **Public Road: Damages: Within Thirty Days.** The Act of March 26, 1903, Laws 1903, p. 150, relating to damages to a property-owner resulting from the construction of a public road by the county, in requiring the appeal to be "perfected within thirty days from the rendition of the judgment of the court on the verdict or report," means that the appellant must within the thirty days not only file his affidavit for an appeal, but he must in, all respects within that time perfect it for a hearing at the next term in the appellate court, including the filing of his bill of exceptions, transcript, etc.

Appeal from Buchanan Circuit Court.—*Hon. Kendall B. Randolph,* Special Judge.

APPEAL DISMISSED.

*L. H. Moss* and *Duncan & Utz* for respondent.

The Supreme Court has no jurisdiction of this case for the reason that appellant never perfected his appeal within the time required by the statute authorizing appeals in such cases. The only provision for appeal in cases under this act is provided in section 9. There was no such thing as an appeal known to the common law. Schroeder v. Jabin, 94 Mo. App. 111. "An appeal is a purely statutory remedy and only exists in those cases specified or reasonably implied by the statute, and this is true of appeals in road cases, such as the one at bar." State ex rel. v. Woodson, 128 Mo. 497; Thomas v. Ins. Co., 89 Mo. App. 12; State ex rel. v. Bland, 189 Mo. 197. This being the case, we seriously urge that the appeal of appellant should be dismissed because instead of perfecting his appeal in 30 days, as he was required to do by section 9 aforesaid, he let it linger along with various dilatory orders and excuses for more than six months. The language of the statute in reference to appeal in this case is mandatory. Sidwell v. Jett, 213 Mo. 601.

*James W. Boyd* for appellant.

GANTT, P. J.—This is an appeal from the circuit court of Buchanan county, assessing damages to the appellant, Henry Bledsoe, in the sum of five hundred dollars, for injury to his land abutting and adjoining the public road, which was ordered graded by the county court of said county. The proceeding is bottomed upon the Act of the General Assembly of Missouri approved March 26, 1903 (Laws 1903 p. 148),

entitled: "An Act to empower County Courts to grade public roads and to provide a method of paying damages caused by said grading."

This proceeding was commenced February 26, 1907, by the county court of said county making an order for the grading of the public road, along the lands of Henry Bledsoe, along the east line of sections 30 and 31 in township 55, range 35, in Buchanan county, according to a profile and specifications to be filed by the county surveyor of said county. A copy of all the steps taken in the county court was filed in the circuit court May 17, 1907, and thereupon the circuit court made its order of record, notifying all persons whom it might concern, that the 20th day of June, 1907, had been fixed by said court as the day and time for the ascertainment of damages, if any, to arise from the grading of the said public road, and that the same would be heard in the court room of Division No. One of said court in the court house in St. Joseph, and at that time commissioners would be appointed to ascertain and to report said damages; and it was further ordered that publication of said order be made for four consecutive weeks in the Catholic Tribune, a newspaper of general circulation in said county. On June 20, 1907, proof of the publication of said order was made to the circuit court, and Henry Bledsoe, the appellant herein, appeared and filed his claim for damages in the sum of $2,000. A change of venue was then taken from Judge Mossman to Judge Ramey's division, but Judge Ramey being sick at that time, Hon. W. D. Rusk was elected special judge to hold said court, but when this cause was reached, Judge Rusk having been of counsel, was disqualified; thereupon by agreement of counsel, Hon. K. B. Randolph, a member of the bar of said court, was selected as special judge to try said cause, and he presided therein until its conclusion in the circuit court, without any objection or exception having been made to his action as judge

therein. On December 21, 1907, N. L. Byrne, David A. Turner and F. M. Atkinson, three disinterested freeholders of said county, were appointed commissioners, and on January 7, 1908, were duly sworn to ascertain and report the actual damages, under instructions of the court. In due time two of the said commissioners made their report, Mr. Atkinson being ill at the time, though he viewed the premises and heard the testimony.

The commissioners reported damages to the amount of $500 to Mr. Bledsoe by reason of the grading of the road making it necessary to make cuts from the road so as to permit ingress and egress from his premises. On February 27, 1908, Henry Bledsoe filed his exceptions to said report and March 9, 1908, was set down to hear the same.

After argument, on March 12, 1908, the court confirmed the report of the commissioners, and judgment was entered accordingly in favor of Henry Bledsoe against Buchanan county. On the same day Henry Bledsoe filed his affidavit for an appeal to the Supreme Court and his appeal was allowed, and thereupon leave was given him to file his bill of exceptions in said cause, during the next regular term of said circuit court. The bill was not filed during the May term, 1908, of said circuit court, but leave was given to file the same during the second week of the September term, 1908. On the first day of September term, 1908, the time for filing the bill of exceptions was extended to October 12, 1908. On October 7, 1908, the bill of exceptions was filed in the circuit court, and the transcript was lodged in this court April 17, 1908. On May 8, 1908, on motion of the county, the cause was advanced to the October term, and assigned to Division Two of the Supreme Court. Afterwards a motion to dismiss this appeal for failure to comply with the rules and because the cause should

have been heard at the April term, 1908, was over-ruled by this division.

I. The first proposition advanced by the respondent, Buchanan county, is that this court is without jurisdiction of this appeal, for the reason that section 9 of the Act of the General Assembly approved March 26, 1903 (Laws 1903, p. 150) provides: ''Any party, including the county, aggrieved by the judgment, may take an appeal therefrom by filing such an affidavit as is required in appealing civil cases; however, such appeal shall be perfected within thirty days from the rendition of the judgment of the court on the verdict or report. In case of appeal, the judgment shall stand suspended until the appeal is disposed of. No writ of error shall be allowed. The clerk of the appellate court shall put such case upon the docket for hearing at the next term of that court after the appeal is allowed. No error or defect not affecting the rights of the appellant shall work a reversal of the judgment. The proceedings herein shall in all respects not herein provided for, conform as near as may be to the practice and procedure in civil cases.''

Certain fundamental principles must be kept in view in the consideration of the respective contentions of counsel. It is settled law in this State that, inasmuch as the right of appeal is purely statutory, the steps provided by statute are necessary to be taken in order to vest appellate courts with jurisdiction, and those steps must be taken within the time prescribed by law. [Sidwell v. Jett, 213 Mo. 601; Bernicker v. Miller, 37 Mo. 499.]

In Robinson v. Walker, 45 Mo. l. c. 120, it was said: ''It has often been held that the appearance of a party by joining issue or by any other action that shall indicate an intention to prosecute or defend the suit upon the merits, shall be deemed a waiver of a defect in the process or notice under which the appear-

ance is had. But in every case of this kind the court had jurisdiction of the subject-matter and it might with reason be said that a voluntary appearance is well enough. But the circuit court has no jurisdiction of a matter already decided on in another court and especially in actions of forcible entry and detainer exclusively cognizable before a justice of the peace, unless it is brought into court under the statute according to its provisions; and when it has no jurisdiction, the consent of the parties cannot give it.'' That case was followed and approved in St. Louis v. Gunning Co., 138 Mo. 347.

With these adjudications in view, what was intended by the Legislature by the words, ''Any party, including the county, aggrieved by the judgment, may take an appeal therefrom by filing such an affidavit as is required in appealing civil cases; however, such appeal shall be perfected within thirty days.''

The appellant, Mr. Bledsoe, insists he has brought himself strictly within the terms of the statute, because on the day the judgment was rendered he filed his affidavit for an appeal and an appeal was granted to him to this court and thus he *perfected* his appeal within *thirty days*, as the statute required.

There is much force in this contention, for it is now the accepted doctrine in this State, under our general practice act, that after an appeal has been taken in the circuit court by the filing of the proper affidavit and an order allowing the appeal to the appellate court, the cause is regarded as pending in the appellate court, although the transcript has not been filed in the appellate court, and the circuit court has no authority to take any further steps in the cause save and except to perfect and correct its own records so as to make them speak the absolute truth of what transpired in said court. [State v. McO.'Blenis, 21 Mo. 272;

Foster's Admr. v. Rucker, 26 Mo. 494; Ladd v. Couzins, 35 Mo. 513; DeKalb Co. v. Hixon, 44 Mo. 341; Burgess v. O'Donoghue, 90 Mo. 299.]

Conceding that this is the effect in general of an order granting an appeal, under the general practice act, with its provisions for extending the time for filing bills of exceptions and certificates of judgments, in appeals by the short form, what is the meaning of the phrase, "However such appeal shall *be perfected within thirty days* from the rendition of the judgment of the court on the verdict or report?" Does it mean simply the taking of the appeal by filing the affidavit, or does it mean that the appellant shall *perfect* his record and file it in the Supreme Court within thirty days from the rendition of the judgment, so that there may be a speedy determination of the appeal. The phrase, "perfect the appeal," we think must be construed with reference to its grammatical connection with other parts of the section and is of relative signification. It is to be noted that in the case of an appeal the judgment is suspended until the appeal is disposed of. In this respect it is greatly different from other condemnation proceedings which go forward notwithstanding the filing of exceptions and the trial of the damages. Again unlike other appeals, which take their regular course on the docket, in a case of this character, the clerk of the appellate court is directed to put the case upon the docket for hearing at the next term of that court *after the appeal is allowed.* It will be noted that there is no provision in this act, which is practically a code, in and of itself, for the granting of a longer time by the court *for good cause shown,* for the filing of a bill of exceptions as is provided in section 812, Revised Statutes 1899. Certainly the provision requiring the appeal to be perfected in thirty days and to be docketed by the clerk of the appellate court for hearing at the next term after the ap-

peal is allowed, is utterly inconsistent with the granting of permission to the appellant to file a bill of exceptions six months after the appeal is allowed. In fact, looking at this whole act together it was the unmistakable purpose of the Legislature to require an appeal in a case of this kind to be disposed of in a summary manner. And when the provision in regard to the perfecting the appeal is read in the light of the motives which impelled the enactment of this law, this view is greatly strengthened. It was obviously the intention of the Legislature to supply an omission in our road law of any provision for compensating abutting owners for damages resulting to their lands by the changing of grades of existing roads, so as to conform to the provisions of section 21 of article 2 of the Constitution of this State. It was clearly the purpose to provide a scheme by which the damages might be ascertained in advance, so that the property-owner would get his damages before his property was damaged, and on the other hand, the county court might be advised whether the improvement would justify the payment of the damages assessed, and if not, abandon the enterprise. Being an improvement of a . public highway it was determined to make the proceedings summary and if a property-owner felt he was aggrieved he must *perfect his appeal* in thirty days, and no provision was made for extending the time. In this regard the thirty days was a peremptory and mandatory provision; just as the four days for filing a motion for new trial is mandatory, or ten days for taking appeals from justices of the peace. It was never the intention that by filing an affidavit for appeal and thereby securing a supersedeas of the proceeding, a public enterprise should be strung out for six months or a year, but knowing the general practice act and its provision for extending the time, the Legislature provided the appeal should be perfected in thirty days

and the appeal docketed for the next term of the appellate court, so as to reach a speedy determination of the appeal. In our opinion the appeal in this case was not perfected in thirty days and as this court only acquires jurisdiction of these appeals when the appellant has complied with the statute in the manner and within the time allowed, we are of the opinion we have no jurisdiction of this appeal and it is accordingly dismissed for want of jurisdiction.

All concur.