## In re. BIG TARKIO DRAINAGE DISTRICT v. FRITZ VOLTMER, Appellant.

### Division Two, March 24, 1914.

1. **APPEAL: Final Judgment.** Where the trial court heard objections to the report of commissioners and modified their report, and on the same day the appellant filed his motion for new trial and his motion in arrest, appellant's abstract stating then that "judgment was rendered upon the finding confirming the commissioners' report as modified by the court," and thereupon the appellant filed his affidavit for appeal and an appeal was allowed, it is *held* that the appeal was from the final judgment.

2. ———: Drainage District: Report of Commissioners. Under Sec. 2038, R. S. 1909, allowing an appeal in any civil case in which an appeal is not prohibited by the Constitution, an appeal is allowed from a judgment confirming the report of commissioners in a drainage district case.

3. JURISDICTION: Change of Venue: Drainage District. Where after a proceeding was begun in one county to establish a drainage district therein, a change of venue was taken to another county and a decree incorporating the district was there entered, the circuit court of the first county has no jurisdiction to proceed with the appointment of commissioners and assessment of benefits and damages growing out of the establishment of the district. . Jurisdiction as to all subsequent proceedings vested in the circuit court of the county where the decree was entered.

4. ———: ———: ———: Report of Commissioners: Exceptions: Appeal: Pleading. Where the respondent's application for the appointment of commissioners to determine benefits and damages in a drainage district case stated that the district was incorporated by a decree of the circuit court of another county, one who appeals from a judgment approving the commissioners' report can take advantage of the court's lack of jurisdiction despite the fact that he did not on the trial of his exceptions to the report of the commissioners offer in evidence the record of the proceedings leading up to the incorporation of the district.

5. ———: Of Subject-Matter: Cannot be Waived. Lack of jurisdiction over the subject-matter of an action cannot be waived.

Appeal from Holt Circuit Court.—*Hon. W. C. Ellison,* Judge.

REVERSED AND REMANDED (*with directions*).

*H. B. Williams* and *Frank Petree* for appellant.

(1) The appeal was not taken from the action of the Holt Circuit Court in overruling the exceptions to the report of the commissioners assessing benefits and damages to the appellants, in which the action of the court was interlocutory and not final. The appeal was taken from the judgment of the court approving the report of the commissioners. The finding of the court, overruling the exceptions of appellants, is shown in ap-

pellant's abstract. After the finding of the court, the appellants filed their motions for new trial and in arrest, which was overruled, and thereafter "judgment was rendered upon the finding confirming the commissioners' report, as modified by the court." This showing is sufficient. State ex rel. v. Broaddus, 216 Mo. 336; R. S. 1909, sec. 5518. In fact, the respondent admits that the decree was entered. The judgment affirming the commissioners' report assessing benefits and damages to the land within the district is the final act of the court in the disposition of all proceedings connected with the incorporation and organization of the district, and is the final and complete disposition of the case so far as the trial court is concerned. The abstract shows that the appeal was taken from this final judgment of the court confirming the commissioners' report. It is not necessary, in order that an appeal may lie from the action of the circuit court, that the right to appeal should be specifically given in the statute providing for the organization of this drainage district. The right of appeal, not being prohibited in the statute under which these proceedings are had, is given by the general statutes providing for appeals in civil cases. Section 2038, R. S. 1909; Railroad v. Lackland, 25 Mo. 515; King's Lake Drg. & Levee Dist. v. Jamison, 176 Mo. 557; Railroad v. Brick Co., 85 Mo. 322; Little Tarkio Drg. Dist. v. Richardson, 237 Mo. 49; Railroad v. Little Tarkio Drg. Dist., 247 Mo. 86; Drainage District v. Tomlinson, 245 Mo. 1; Land & Stock Co. v. Miller, 170 Mo. 240; Drainage District v. Scott, 240 Mo. 31; Drainage District v. Turney, 235 Mo. 80; Drainage District v. Railroad, 236 Mo. 94. Respondent, in its brief filed in support of its motion to dismiss appellants' appeal in this case, sets out the provisions of the Act of 1913, in which a limited right of appeal is given. That act can have no effect upon the appeal in this case, as the appeal as taken long before the act of 1913 was passed. The law that was in force at the time this appeal was taken, placed

no limitation whatever upon the right of appeal, and contained no provision whatever in reference thereto. There being no limitation upon the right of appeal, the general law in regard to the right of appeal in civil cases applies. (2) (a) The proceeding for the assessment of benefits and damages to the lands in the Drainage District is a continuation of the proceedings for the incorporation of the Drainage District. Drainage District v. Richardson, 237 Mo. 64; Railroad v. Drainage District, 237 Mo. 98; Drainage District v. Tomlinson, 245 Mo. 1. (b) A court takes notice of the record in the pending case. It is not necessary to offer it in evidence. 7 Ency. of Ev. 999; State v. Ulrich, 110 Mo. 350; State v. Daugherty, 106 Mo. 182; State v. Jackson, 106 Mo. 174. Even in collateral proceedings in the same case, the judgments and orders in the principal proceeding are judicially noticed. 7 Ency. Ev. 1001; Ollesheimer v. Mfg. Co., 44 Mo. App. 172; Dinkins v. Woodenware Co., 99 Mo. App. 310; Spengler v. Kaufman, 43 Mo. App. 5. (c) Respondent in its petition asking for the appointment of commissioners, states that the district is a "Drainage District Corporation of Holt county, Missouri, duly created, organized and incorporated by Articles of Association, duly signed and filed, and by decree of the Circuit Court of Andrew county, Missouri." It is elementary law that when a party pleads a fact and it is not denied by the opposite party it stands admitted, and it is not necessary to offer proof of such fact. This proposition is so well established that it is not necessary to cite authorities. A plea to the jurisdiction, even when coupled with a plea to the merits, is permissible under the Missouri code, and the latter plea does not, as at common law, waive the former. Meyer v. Insurance Co., 184 Mo. 487; Johnson v. Detrick, 152 Mo. 243. The proceeding at bar is not a proceeding *in personam,* but is a proceeding *in rem,* to wit, a proceeding to subject the lands within the district to taxation for the purpose of rais-

ing money to pay the expenses of draining the land within the district, and also to condemn lands for right of way for ditches and dykes through the district. Being a proceeding *in rem,* consent cannot confer jurisdiction of the subject-matter, and the objection of the want of jurisdiction may be made at any time during the progress of the case, or even afterward, if the record discloses such want of jurisdiction. Meyer v. Insurance Co., 184 Mo. 487; Cable v. Duke, 208 Mo. 557. Jurisdiction over the subject-matter, or cause of action, must be conferred by law. It cannot be conferred by consent. Dodson v. Scroggs, 47 Mo. 287; Cones v. Ward, 47 Mo. 289; Abernathy v. Moore, 83 Mo. 69. Where the proceeding involves the *res,* that court which first takes possession of the property, retains possession and the jurisdiction. Carriage Co. v. Wells, 99 Mo. App. 641; Mfg. Co. v. Powell, 98 Mo. App. 530; Railroad v. Sweet, 103 Mo. App. 276.

*W. H. Richards* and *John M. Williams* for respondent.

(1) The circuit court is a court of general jurisdiction. "Jurisdiction will be presumed as to courts of general jurisdiction, unless the contrary appears of record. This presumption has greater force after lapse of time, and embraces jurisdiction not only of the cause or subject-matter of the action in which the judgment was rendered, but of the parties also. So it will be presumed that every step necessary to give jurisdiction has been taken, although this presumption may be rebutted by extrinsic evidence, as want of jurisdiction may be inquired into. Any acts or omissions affecting the validity of the proceedings must be affirmatively shown." 11 Cyc. 691, and cases cited; Griffin v. Franklin, 224 Mo. 667; Lower v. Coal & Mining Co., 142 Mo. App. 351; Yancy v. Jones, 153 Mo. App. 206. (2) An appellate court will take notice of such facts

only as are properly included in the record. It is un-
necessary to cite authorities in support of this proposi-
tion. (3) The proceedings leading up to the incorpo-
ration of the Big Tarkio Drainage District were a part
of the record in that case and would have been prop-
erly included in an abstract of the record in an appeal
from a decree of the court incorporating said district;
but when the district was incorporated, clothed with all
the powers conferred by law and, in the exercise of
such powers, proceeded to have benefits and damages
assessed in carrying out the purpose of its creation, the
application filed in court for the appointment of Com-
missioners to assess benefits and damages is the first
step in the record proper in this case. What had pre-
ceded in the proceeding which resulted in a decree in-
corporating the district, and from which no appeal was
taken, is no part of the record on this appeal and could
not be unless offered as evidence and preserved by bill
of exceptions. (4) By appearing generally and filing
exceptions to the report of the Commissioners, raising
issues of fact against the confirmation of said report
and by introducing testimony in support of such excep-
tions, appellant thereby invoked the exercise of the jur-
isdiction of the court, waived the question of such juris-
diction and will not now, on appeal, be allowed to shift
his position. Drainage District v. Richardson, 237 Mo.
49. (5) The appeal was taken from an order of the
Holt Circuit Court, overruling certain exceptions to the
report of commissioners appointed by said court to as-
sess benefits and damages under the provisions of chap-
ter 41, R. S. 1909. Section 5518 of said chapter directs
the court to hear such exceptions in a summary man-
ner, which was done in these cases, the report being
amended in some particulars, and then approved. This
order of approval, or confirmation, was interlocutory
only, and was not a final judgment. No provision was
made in this section or in said chapter for an appeal.
"Appeals are purely statutory. No right of appeal ex-

isted at common law.'' Miller v. Transit Co., 216 Mo.
103; Drainage District v. Railroad, 216 Mo. 709; Acker-
man v. Green, 201 Mo. 231. The statute provides that
''all exceptions shall be heard by the court and deter-
mined in a summary manner so as to carry out liberally
the purposes and needs of such drainage district.'' The
drainage law is a special statutory proceeding com-
plete in itself and as no appeal was allowed from an
order of the court approving and confirming the report
of the commissioners and overruling the exceptions
thereto, no such right of appeal existed at the time of
the alleged appeal in this case. Ackerman v. Green,
201 Mo. 231. The statute prescribing the duties of the
commissioners requires them to assess benefits and
damages which will accrue to each tract of land affected
and also the damages to such tract. The commissioners
did so assess benefits and damages as shown by their
report, but the court in its order overruling the excep-
tions and confirming the report expressly excluded the
element of damages allowed and therefore such order
did not dispose of the whole case, was merely interlocu-
tory and not a final judgment from which an appeal
will lie. Railroad v. Railroad, 94 Mo. 535; State ex rel.
v. Edwards, 104 Mo. 125; St. Joseph v. Halsey, 159 Mo.
App. 359.

ROY, C.—This is a proceeding to assess benefits
and damages to appellant's land, growing out of the
establishment of the Big Tarkio Drainage District. The
appellant is the owner of land in the district. On No-
vember 18, 1909, a proceeding was begun in the circuit
court of Holt county to establish said district. A
change of venue as taken to the circuit court of An-
drew county, where, at the regular February term, 1910,
a decree was entered incorporating said drainage dis-
trict. A certified copy of that decree with a plat of said
district was filed in the office of the county clerk of Holt
county on March 23, 1910. No further proceeding ap-

peared of record in the circuit court of Andrew county in said cause. On August 1, 1910, the district corporation filed with the clerk of the circuit court of Holt county an application for the appointment of commissioners for viewing the land in said district and assessing benefits and damages accruing to the lands therein by reason of the proposed improvements. The application states that the drainage district was incorporated by a decree of the circuit court of Andrew county. On August 4, 1910, that application was presented to the Hon. Wm. C. Ellison, judge of the Fourth Judicial District and of the circuit court of Holt county, and said commissioners were then and there appointed by said judge, and on September 30, 1910, they made their report of their proceedings as such commissioners to said court, showing the total benefits to said appellant's land, amounting to $5715, and the total damages $2740, leaving the net amount of benefits $2975. On October 31, 1910, and in due time, the appellant filed his objections and exceptions to said report, the substance of which exceptions was as follows:

"First: None of the land included in the pretended drainage district and belonging to this exceptor and lying and being situate in Holt county, Missouri, was ever adjudged to be included in a corporation by the circuit court of Holt county, Missouri; nor by any other circuit court having any jurisdiction to declare such incorporation of the lands situate within said county; that no notice of any meeting of the landowners within said pretended drainage district was ever called within thirty days, or any other time, by the clerk of any circuit court 'declaring said pretended drainage district a corporation,' and no authority was ever granted by law to the clerk of the circuit court of Holt county, Missouri, to issue any notice of the time and place of meeting of landowners in said pretended drainage district, to meet and elect a board of supervisors; that the pretended board of supervisors of said pre-

tended drainage district never met, within the time and at the place required by law, and organized as required by law; that said pretended board of supervisors did not, within the time and manner prescribed by law, proceed to appoint a chief engineer for said pretended drainage district, as required by law.

"Exception 2. Many of the persons owning land in said drainage district were nonresidents of Missouri and no personal service was ever had upon them and no legal notice of such proceeding was ever given.

"Exception 3. That no plan for drainage as required by law had ever been adopted by the board of supervisors for the drainage district.

"Exception 7. That the judge of this court has no power to appoint commissioners to assess the damages or benefits to the lands of the exceptors.

"Exception 8. That the said commissioners did not in the assessment of the damages and benefits proceed in the manner required by law in any respect whatever.

"Exception 9. That said assessments of benefits are wholly erroneous, unjust and without any just and lawful grounds whatever and said benefits are excessive.

"Exception 11. That the assessment of benefits against the land of this exceptor is not bona fide, but is wholly fraudulent and without any just basis in fact or in law.

"Exception 12. The alleged plan of drainage is wholly impracticable and based on erroneous surveys.

"Exception 13. This exceptor now says that the statute under which said proceeding is conducted is unconstitutional and void for the following reasons, to wit: It is provided in section 21 of article 2 of the Constitution of the State of Missouri, that private property shall not be taken or damaged for public use without just compensation; article 3, chapter 102, of statutes of Missouri for the year 1899, as amended from

time to time, now known as chapter 41 of the Revised Statutes for the year 1909, makes no provision whatever for the ascertaining of the damages to the lands of persons within the drainage district, but confines the authority of the commissioners to ascertaining the fair cash value of the lands necessary to be taken and used for rights of way and improvements.''

On November 11, 1910, the appellant made an application for a continuance on account of an absent witness.

On November 12, 1910, the court heard said objections and deducted from said benefits the sum of $1500. On the same day appellant filed his motion for new trial and his motion in arrest, which were both overruled.

Appellant's abstract then has this statement: ''Judgment was rendered upon the finding confirming the commissioners' report as modified by the court.''

Thereupon, the appellant filed his affidavit for appeal to the Supreme Court, which was allowed.

I. Respondent has filed a motion to dismiss the appeal on two grounds: first, that the appeal was from the order overruling the exception to the report of the commissioners and not from the judgment confirming that report; second, that there is no law allowing an appeal in this case.

Appellant's abstract shows that the appeal was taken after the entry of judgment confirming the report. The statement in appellant's brief concedes that fact. We conclude that the appeal was from the final judgment.

We must rule the second point against respondent, for the reason that section 2038, Revised Statutes 1909, allows an appeal in any civil case in which an appeal is not prohibited by the Constitution. That pro-

vision applies to a drainage case. [King's Lake Drainage & Levee District v. Jamison, 176 Mo. 557.]

. II. The circuit court of Holt county had no jurisdiction to proceed with the appointment of commissioners and assessment of benefits and damages growing out of the establishment of the drainage district. The decree establishing such district had been rendered by the circuit court of Andrew county on change of venue from Holt county. The jurisdiction as to all subsequent proceedings in the matter of said drainage district was vested in the circuit court of Andrew county. [State ex rel. v. Wilson, 216 Mo. 215; Tarkio Drainage District v. Richardson, 237 Mo. 49; Drainage District v. Tomlinson, 245 Mo. 1.]

**Jurisdiction: Change of Venue.**

Respondent insists that the question of jurisdiction is not before the court because the appellant did not on the trial of his exceptions to the report of the commissioners offer in evidence the record of the proceedings leading up to the incorporation of the district. All controversies as to the facts in that regard are settled by the statement in the respondent's application for the appointment of commissioners, in which it is stated that said drainage district was incorporated by the decree of the circuit court of Andrew county.

It is insisted that appellant, by applying for change of venue, and by setting up in his exceptions as aforesaid objections to the jurisdiction, in connection with mere matters of procedure not going to the jurisdiction, waived all objections to the jurisdiction.

The lack of jurisdiction over the person may be waived. The lack of jurisdiction over the subject-matter cannot be waived. It cannot be conferred even by consent. [State v. Bulling, 100 Mo. 87; Brown v. Woody, 64 Mo. 547; State ex rel. v. Nixon, 232 Mo. 496.]

We are aware that in Tarkio Drainage District v. Richardson, supra, it was held that Judge Ellison's dis-

qualification had been waived. Where a change of venue is taken in a cause on account of objection to the judge of the court, the jurisdiction of the court is not assailed. It merely disqualifies the judge. Such disqualification may be waived by any party entitled to raise such objection. But where the venue has been changed to some other court on account of such disqualification, the lack of jurisdiction in the court from which the venue was changed over the subject-matter cannot be waived.

The judgment is reversed and the cause remanded, with directions to dismiss the proceeding to assess benefits and damages. *Williams C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All concur.

*H. B. Williams* and *Frank Petree* for appellant.