# CASES DETERMINED

# COURTS OF APPEALS

---

## STATE ex rel. McCLURE et al., Relators, v. DANIEL E. BIRD, Respondent.

Kansas City Court of Appeals, March 18, 1918.

**PROHIBITION: Picture: Rules Circuit Court: Contempt.** The circuit court of Jackson County, Missouri, is composed of several divisions, presided over by separate judges, one of which is the assignment division. A judge of a division issued a temporary restraining order against the Chief of Police restraining him from arresting an exhibitor of a picture known as "I, Mary McLane—Men Who Have Made Love ·to Me." The writ was made returnable to the assignment division, where it was dissolved before return day. The police then arrested the exhibitor and the division judge issued an order against them in contempt, and the Chief of Police obtained a temporary writ of prohibition from the Court of Appeals. It was *held* that the division judge was without further jurisdiction ·after returning the first writ to the assignment division, and that he should be prohibited from pursuing the proceeding in contempt.

Special rules of the Circuit Court of Jackson County discussed.

ORIGINAL PROCEEDING.    PROHIBITION MADE PERMANENT.

199 M. A.]                    (76)

*J. A. Harzfeld* and *Chas. M. Blackmar* for relators.

*C. C. Madison* for respondent.

ELLISON, P. J.—Relator McClure is an officer of Kansas City, Missouri, known as the censor of films and pictures. Relator Flahive is the Chief of Police for said city and the other relators are police officers. Respondent is Judge of division 8, of the circuit court of Jackson county, and as Judge of such court issued a temporary injunction or restraining order against relators, restraining them from interfering with William H. Quigley in his exhibition to the general public who desired or were induced, to view a certain picture advertised and called: "I, Mary McLane—Men Who Have Made Love To Me."

The circuit court of Jackson county is composed of several divisions each presided over by its own Judge, each Judge, except as restrained by certain rules, acting as a circuit court and exercising full power and authority of a circuit court presided over by a sole circuit Judge. That court business may be expedited and orderly administration had, the statute (secs. 3968-3976, R. S. 1909) authorizes such Judges, acting in a *banc,* to pass certain rules and regulations in addition to the rules and regulations which may be adopted by circuit court generally. In pursuance of this power the court, in *banc,* provided that at stated periods one of the divisions should be designated as the assignment division to be presided over by the Judge of that division. Under these rules, statutes and regulations, the judge of the assignment division issues all temporary and alternative orders in applications for extraordinary writs, except in urgent instances when he may not be found in the court house, application may be made to one of the other divisions, or the Judge thereof.

At the time respondent herein issued the temporary restraining order above mentioned the division presided over by Judge Lucas, one of the Judges of said court, was duly designated assignment division. But on the statement of Quigley, that he could not be found, the

respondent, acting under said rules and regulations, issued the temporary restraining order on the 2nd of February, 1918, returnable to the assignment division presided over by Judge Lucas, on the 11th day of February, 1918. Afterwards, on February 4, 1918, relators filed their motion in such assignment division to which the restraining order issued by respondent was returned, to dissolve such order. This motion was continued until the next day, when, all parties appearing, the assignment division presided over by Judge Lucas sustained said motion and dissolved said order.

After dissolution of such restraining order relators caused the arrest of the exhibitors of such picture for continuing to exhibit it in violation of an ordinance of Kansas City. Thereupon the respondent issued a citation against relators to show cause why they should not be attached for contempt in violating respondents temporary restraining order. Whereupon relators applied to this court for a writ of prohibition and a temporary order was issued. Respondent has made return and relators have filed a motion for judgment thereon.

The foregoing is a sufficient statement of the facts for our decision. It will be observed that the assignment division of the Jackson County Circuit Court is the division which ordinarily issues, hears and determines extraordinary writs. That in instances of emergency when the assignment division is not in session and the judge thereof cannot be conveniently found another division, or the judge thereof, may issue the writ. In this instance, as we have said, respondent issued the writ making it returnable to the assignment division, and thereafter such assignment division on proper motion, and appearance of parties, dissolved such order. It will be observed that it was after the dissolution of the temporary writ, thus made, that the relators committed the act (arrested the exhibitor of the picture) which moved the respondent to issue the citation in contempt against them.

It is our opinion that the true meaning of the rules of the court in *banc* concerning the issuance and hearing

of extraordinary writs, is that any divisional Judge or court other than the assignment Judge or court, is a mere substitute for the time being for such assignment Judge, or court, when some apparent necessity demands action in the issuance of such writs, which apparently cannot be had from the assignment Judge. That when a temporary writ is issued by a divisional Judge and is made returnable to the assignment division of the court as in this case, the latter division becomes possessed of the cause as in other cases and proceeds with it, in due course, as in like cases originally instituted in such division, and that the divisional court has no further control or jurisdiction over the cause or proceeding. Jurisdiction is transferred to the assignment division as-fully as it is to an appellate court after an appeal has been granted to such court. [In re Grading Bledsoe Hill, 222 Mo. 604, 609.]

It may be remarked that as the authority of a divisional judge, or court, to issue extraordinary writs is special and such Judge's action is in its nature substi-tutionary, the application for a writ of such character, or the writ itself should, regularly, disclose the fact or reason of giving such divisional judge, or court authority under the rules and regulations aforesaid, to issue such writ, to the end that it may appear why the divisional judge, or court, may rightfully assume authority and jurisdiction ordinarily lodged elsewhere. No such showing is made in these proceedings. But having already disposed of the question before us on the ground above set forth, we need not say what effect the absence of such showing should have.

The rules of the court in *banc* require notice of motions of the character filed in the assignment division by relators to dissolve the temporary restraining order, and it is stated in respondent's return that he "denies that any proper notice was given of a hearing upon said motion and respondent further says that the purported action of Judge Lucas, as set forth in the petition was without authority and with no effect." It will be noticed

that this denial is not that there was no notice, the denial is that there was no *proper* notice. But passing that by; it is alleged and is not denied, that there was an appearance generally and argument had before Judge Lucas in the assignment division resulting in the dissolution of the restraining order. Thus the object of a notice was accomplished, if none was not in fact given.

An interesting brief has been filed by relators relating to the authority of the city to ordain ordinances providing for a board to censor pictures proposed to be exhibited to the general public as well as the necessity for protecting the morals of the community, including young girls and boys, from the influence of coarse, suggestive and otherwise improper exhibitions. But as the foregoing considerations dispose of the case it is not necessary to discuss them.

Judgment on the pleading will be for the relators, and our writ made permanent. All concur.