## CHARLES MEIERHOFFER v. HARRY HANSEL, Appellant.

#### Division Two, June 8, 1922.

1. **JURISDICTION: Rules of Circuit Court.** By force of the statutes (Secs. 2450 to 2454, R. S. 1919) rules and regulations adopted by the judges of the nine divisions of the Circuit Court of Jackson County at Kansas City for the trial of causes pending therein become the law.

2. **JURISDICTION OF ASSIGNMENT JUDGE: Temporary Injunction.** Under the rules of the Circuit Court of Jackson County at Kansas City, the judge of the assignment division is without jurisdiction to try a motion to dissolve a temporary injunction, challenging the sufficiency of the petition and in its nature a demurrer, and

Meierhoffer v. Hansel.

further containing a complaint against the sufficiency of the bond given by plaintiff, where said motion involves the introduction of testimony.

3. ———: ———: **Subsequent Entry.** While a motion to dissolve a temporary injunction, involving the introduction of testimony, is pending in the assignment division of the Circuit Court of Jackson County at Kansas City, and is on its general docket as contemplated by the rules of said court, the trial divisions, including said assignment division, can acquire no jurisdiction to hear testimony and to overrule said motion and to make the temporary injunction perpetual, until a preliminary order is made regularly assigning the cause for trial to one of the divisions; and a subsequent entry, made by the assignment judge after the hearing, assigning the cause to his own division, is not sufficient.

4. ———: ———: **Waiver.** By the introduction of testimony in support of his motion to dissolve a temporary injunction defendant does not waive the lack of jurisdiction of the assignment division of the court to hear and determine the same, for jurisdiction over the subject-matter cannot be waived or conferred by consent.

5. ———: **Retroactive Order.** The judge of the assignment division of the Circuit Court of Jackson County at Kansas City cannot proceed to hear a cause which is assignable to one of the trial divisions and after he has entered his decree supply his lack of jurisdiction by causing the record to show that the cause had been assigned to his own division, on the theory that it was an oversight that the order was not made preliminary to the trial. Under the rules of the court the defendant is entitled to have all preliminary matters settled in the assignment division and the cause put at issue for trial, to have a call made for listing his case and a publication of notice thereof, to have the cause listed and an assignment regularly made after such listing to one of the nine divisions, and to have an opportunity to take a change of venue and to present evidence of witnesses other than mere informal *ex parte* affidavits where the cause is injunction and he has filed a motion to dissolve the temporary order; and to foreclose his right to these things and to hear and determine his motion to dissolve in this summary way would be to deny him the due processes of the law.

6. ———: **Temporary Injunction: Motion to Dissolve: Final Judgment.** A trial court does not have jurisdiction to make a temporary injunction perpetual unless it has jurisdiction of the subject-matter. Where the court has jurisdiction of the subject-matter the parties may consent to a trial upon the merits upon the filing of a motion

to dissolve, and finally dispose of the whole case; but where the motion to dissolve is filed in the assignment division of the Circuit Court of Jackson County at Kansas City, and calls for the introduction of testimony, and no assignment of the cause is made to one of the divisions for trial, said assignment division has no jurisdiction to overrule the motion and to enter an order making the temporary injunction perpetual.

Appeal from Jackson Circuit Court.—*Hon. T. B. Buckner,* Judge.

REVERSED AND REMANDED.

*Kelly, Buckholz, Kimbrell & O'Donnell, A. E. Watson* and *Horace H. Blanton* for appellant.

(1)   The court erred in rendering final judgment in this cause, making the temporary injunction granted herein perpetual, because the court did not have jurisdiction of the subject-matter, on the hearing of the motion to dissolve the temporary injunction, to render a final judgment and decree therein:   (a)  Because the only matter submitted for hearing was defendant's motion filed during the term to dissolve the temporary injunction, which was taken up in the assignment division of the circuit court.   (b)  Because said cause had never been listed for trial upon its merits by either party, as required by the rules of said court, particularly Rule 22.   (c)   Because said cause had never been assigned to Division No. 1 of the Circuit Court of Jackson County at Kansas City, by the assignment judge for trial upon its merits and a final hearing thereof, as prescribed by Rules 13, 18, 21 and 22 of said court.   (d)  Because the parties did not waive a compliance with said rules of said court, nor consent to the hearing of said cause as upon final hearing, and the court exceeded its jurisdiction in assigning said cause to Division No. 1 after the rendition by said court of an order and judgment overruling defendant's motion to dissolve said temporary injunction and making said temporary injunction per-

petual. Rules 13, 18, 21, 22 and 29; R. S. 1919, secs. 2449 to 2457, 1964 to 1966; State ex rel. Manning v. Smith, 188 Mo. 178; Tanner v. Irwin, 1 Mo. 66; Johnson v. Board of Education, 65 Mo. 47; Cohn v. Lehmann, 93 Mo. 574; Rose v. Township Board, 163 Mo. 396; 10 Ency. Plead. & Prac. 1089; Title Guaranty Co. v. Drennon, 208 S. W. (Mo. App.) 474. (2) The court erred in refusing to dissolve the temporary injunction granted in said cause and in overruling defendant's motion therefor, and in entering a decree making said injunction perpetual; (a) Because said petition for injunction does not state facts sufficient to constitute any cause of action, nor facts sufficient to entitle plaintiff to the relief prayed for or any other relief. (b) Because there is no equity on the face of the petition and it is shown on the face of the petition that plaintiff has a complete and adequate remedy at law. (c) Because under the whole record and all of the evidence the order and decree should have been in favor of the defendant, dissolving said temporary injunction. (d) The defendant had the right in the courts of Kansas, by writ of garnishment, to impound debts owing the plaintiff. R. C. L., secs. 119, 120 and 121, pp 417-418; Hardware Mfg. Co. v. Lang & Co., 127 Mo. 246; Assurance Co. v. Walden, 238 Mo. 62; Howland v. Ry. Co., 134 Mo. 474; State ex rel. Leahy v. Barnett, 193 Mo. App. 44; Farrar v. Am. Exp. Co., 219 S. W. 994; Harris v. Balk, 198 U. S. 215, 49 Law Ed. 1023. The plaintiff is not entitled to an injunction merely because the law of Kansas in regard to juries differs from the law of Missouri. Roenfeldt v. Ry. Co., 180 Mo. 554; Illinois Life Ins. Co. v. Prentiss, 277 Ill. 383; 14 R. C. L., sec. 120, p. 418; League v. Texas, 184 U. S. 156; Railway Co. v. Bombolis, 241 U. S. 211. The mere bringing of a suit where the parties are residents of one state, in the courts of another state, and the issuance of attachment and garnishment process therein, is not using the processes of such foreign court to harass and oppress defendant in that

action, and does not entitle him to injunctive relief. Grover v. Woodward, 112 Atl. (N. J.) 412; Guggenheim v. Wahl, 203 N. Y. 390; Bigelow v. Copper Mining Co., 74 N. J. Eq. 457; Illinois Life Ins. Co. v. Prentiss, 277 Ill. 383. The complaint in the petition is that the plaintiff will be deprived of or prevented from collecting a judgment debt, owing to him by the garnishee. That judgment debt was not garnishable. Tourville v. Wabash Railroad, 148 Mo. 624; Wabash Railroad Co. v. Tourville, 179 U. S. 322; Sutton v. Heinzle, 84 Kan. 758; 20 Cyc. 1010. (3) The court erred in rendering final judgment against this defendant upon the hearing of the motion to dissolve the temporary injunction and in rendering a decree perpetually enjoining the defendant: because this action of the court deprived the defendant of the rights guaranteed to him by Section 10, Article 2, Constitution of Missouri, and by Section 30, Article 2, of said Constitution, and by Section 1 of the 14th Amendment of the Constitution of the United States. State ex rel. v. Grimm, 239 Mo. 181; Mining & Milling Co. v. Fire Ins. Co., 267 Mo. 592.

*Guthrie, Conrad & Durham* and *Hale Houts* for respondent.

(1) Only questions relating to the final decree are properly before the court. No appeal lies from or review can be had with respect to the order overruling the motion to dissolve the temporary injunction. Sec. 1469, R. S. 1919; Walker v. Cooperage Co., 278 Mo. 403; State ex rel. Manning v. Smith, 188 Mo. 167. (2) The court had jurisdiction to enter the final decree. (a) The hearing was upon the merits as well as upon the motion. Joplin Gas. Co. v. City of Joplin, 182 Mo. App. 422. (b) The objections in respect to the division of the court are not well taken. Secs. 2550, 2552, 2554, R. S. 1919; Dorton v. K. C. Rys., 204 Mo. App. 270; Foxmiller Grain Co. v. Stephens, 217 S. W. 996. (c) Appellant was not

prejudiced in respect to the assignment of the case to Division No. 1, in respect to the manner or time of assignment, and was not prejudiced by a hearing upon the merits and the entering of a final decree. There is, therefore, no occasion to disturb the judgment below. Sec. 1513, R. S. 1919; Interstate Ry. Co. v. Railroad, 251 Mo. 720; Moritz v. Moran, 263 Mo. 252; Arensmeyer v. Ins. Co., 254 Mo. 380; Railroad v. Blechle, 234 Mo. 485; Baesel v. Wells Fargo & Co., 260 Mo. 474. (3) Under the pleadings and the evidence the order and judgment were proper and should be affirmed. (a) The claim sued upon in Kansas was itself a fraud upon the plaintiff. It grew out of the joint adventure and even partnership of plaintiff and Kennedy; and the liability, if any, was as much the liability of Kennedy as of plaintiff. The maintenance of the claim for the benefit of Kennedy, assigned for his benefit without consideration, constituted a fraud upon the plaintiff. 15 R. C. L. 500-508; Berry v. Stigall, 253 Mo. 696; Filbrun v. Ivers, 92 Mo. 338; Seehorn v. Hall, 130 Mo. 257; South Joplin Land Co. v. Case, 104 Mo. 572; Siela v. Kneib, 176 S. W. 1052. (b) The attempt to prevent plaintiff from collecting the Missouri judgment against Kennedy by garnishment in the Kansas action was unlawful and coercive. Wabash Railroad v. Turville, 148 Mo. 614; Wabash Railroad v. Turville, 179 U. S. 322; Sutton v. Heinzle, 84 Kan. 756. (c) The Kansas action and proceeding thereunder were brought and maintained fraudulently for the purpose of vexing, harassing and oppressing plaintiff, depriving him of his rights in Missouri, subjecting him to unjust vexation and injury for which there was no adequate remedy at law or in the Kansas courts. Plaintiff is therefore entitled to injunctive relief in the courts of Missouri. 6 Pomeroy's Eq. Juris. (1905 Ed.) sec. 670; 14 R. C. L. 409, 416, 424; Cole v. Cunningham, 133 U. S. 107; Barrington v. Ryan, 88 Mo. App. 85; Kelly v. Siefert, 71 Mo. App. 143; Miller v. Cuttings, 85 Md. 610; Keiser v. Rice, 47 Md. 303; Claflin v. Hamlin, 42 How. Pr. 284;

O'Haire v. Burns, 191 Pac. 755, 45 Colo. 432; Mason v. Harlow, 84 Kan. 277; Reed v. Hollingsworth, 135 N. W. (Ia.) 37. (4) The judgment infringes no constitutional question. Cole v. Cunningham, 133 U. S. 107.

REEVES, C.—Injunction.. From a decree overruling a motion to dissolve a temporary injunction and making the same perpetual, defendant has prosecuted his appeal.

Respondent instituted his action in equity in the Circuit Court of Jackson County at Kansas City, Missouri, on October 4, 1920, to restrain and enjoin appellant, his agents and attorneys, from prosecuting a certain suit instituted by him against respondent in the District Court of Wyandotte County, Kansas, and from all ancillary and auxiliary proceedings in the way of attachments and garnishments, engrafted thereon.

Upon application therefor the judge of the Assignment Division of said Circuit Court of Jackson County issued a temporary injunction in said cause, whereupon appellant filed his answer and motion to dissolve. In due course respondent, under existing rules of that court, served notice upon defendant that said motion to dissolve would be called up for hearing in said Assignment Division. The motion to dissolve was a challenge to the sufficiency of the petition and in its nature a demurrer, and furthermore contained a complaint against the sufficiency of the bond given by respondent. Upon a hearing of said motion, considerable testimony. was offered on the issues joined in the pleadings, following the usual procedure of offering in evidence *ex parte* affidavits.

At the conclusion of the hearing the assignment judge overruled said motion and entered a decree perpetually enjoining appellant from prosecuting his action in any manner in Wyandotte County, Kansas. Appellant thereupon challenged the jurisdiction of the assignment judge to enter a final decree in said cause and offered in support thereof, without objection, certain

of the rules of said circuit court. The assignment judge, being also judge of Division No. 1 of said court, thereupon directed the clerk of the assignment division to "put in the record this, the cause was tried before Division No. 1, but the court inadvertently did not have it assigned to Division No. 1 before the evidence was through." And again the court said: "The fact about the matter is, the court admits that it should have been assigned to Division 1, but merely overlooked it."

Appellant moved to set aside the judgment and order of the court and for a hearing on the merits of the action. Being overruled, he has appealed, and here, as below, he complains that the assignment judge of the said circuit court, as well as Division No. 1, had no jurisdiction to determine the merits of said action. Other pertinent facts will appear in the course of the opinion.

I.   Both parties have briefed the case on the merits of the whole controversy, including the question of jurisdiction. In the view hereinafter expressed, it is only

Jurisdiction.

necessary for us to consider the question of the jurisdiction of the assignment judge to enter a final decree on motion to dissolve.

The Circuit Court of Jackson County at Kansas City consists of nine divisions, and by statutes, Sections 2450 to 2454 inclusive, the judges are empowered to make rules and regulations for the trial of causes pending therein and, perforce of said statutes, such rules thus made become the law. [State ex rel. v. Bird, 199 Mo. App. 76, 202 S. W. 436; Goddard to use of Hyde v. Delaney, 181 Mo. 564, l. c. 581.]

Rule 18 of said court provides for the selection by the judges en banc of one of their number to act as presiding judge, who is also known as the Assignment Judge or Judge of the Assignment Division. The presiding judge or Judge of the Assignment Division has charge of the general docket and "he shall make therefrom settings of cases for trial and give public notice

thereof by announcement from the bench or publication
as provided in Rule 22.''

It is further provided that the presiding judge shall
''hear all summary applications, demurrers and prelim-
inary motions and . . . make up the issues in pend-
ing causes. Such applications, demurrers and motions
may be heard by the presiding judge on any week day
morning. Two days' notice shall be necessary to call
up such matter unless a different time shall be fixed in a
particular instance by the presiding judge.''

Rule 21 of said court provides that ''the clerk shall
provide and keep a separate minute book and assignment
record, which shall be part of the record of the Clerk of
the Circuit Court of Jackson County, Missouri, at Kan-
sas City, in which shall be entered and recorded all pro-
ceedings taking place before the presiding judge, as such.
All proceedings before such judge, while acting as trial
judge, shall be entered and recorded in the minutes and
record of the division in which he shall be at that time
sitting.''

Rule 22 provides when and how causes may be listed
for trial. ''At least two weeks before the beginning of
each term, and as often thereafter as may be necessary,
the presiding judge shall cause to be posted in the bul-
letin boards in the Assignment Division and the circuit
clerk's office a notice requiring attorneys to file with the
clerk of the Assignment Division on or before the date
fixed in said notice a memorandum of each case at issue
of which a trial is desired . . . The Presiding Judge
shall, from time to time, make and cause to be posted as
above, settings of the cases thus noted for trial. On the
day that such cases are set for trial they shall be placed
in numerical order on the 'Trial' list, and the first case
on such 'Trial' list shall be assigned to the next waiting
division. . . . Each case when assigned for trial
shall be immediately tried or dismissed.''

Rule 29 provides: ''Orders in a cause in the Assign-
ment Division to which a party is not entitled upon the

Meierhoffer v. Hansel.

pleadings, will be granted only when they are consented to in open court, or in writing, by counsel upon the opposite side, and filed in the cause, or upon a motion, duly filed.''

From the foregoing it is apparent that the matter in controversy was pending in the Assignment Division of said court and that it involved questions cognizable only in that division, namely, the question of making up the issues in the cause. The motion to dissolve alleged ''that petition or bill for injunction does not state facts sufficient to constitute any cause of action against this defendant,'' and all of the other assignments in the motion were of a kindred nature except that portion which challenged the sufficiency of the bond.

It is true that the ''motion to dissolve, after answer and in term, whereon evidence in support of the issues may be introduced, contemplates a trial, *in limine,* of the right to an injunction'' (Sec. 1964, R. S. 1919; Davis v. Wade, 58 Mo. App. 641, 1. c. 646), yet the motion in this case contained preliminary matters cognizable only in the Assignment Division before the presiding judge and preliminary to the trial of the merits. It is not controverted here, but was admitted by the assignment judge that the trial of said motion was not cognizable before him as Assignment Judge, and to perfect his jurisdiction he caused an entry to be made after the trial, assigning said cause to himself as Judge of Division No. 1 of said court. Properly assuming therefore, as did he, that the Assignment Judge was without jurisdiction to try said motion involving the introduction of testimony, our next inquiry is as to the jurisdiction of the Divisional Judge to try said cause without a preliminary assignment from the same judge sitting in the Assignment Division.

II. We hold that said cause, while pending in the Assignment Division, was on the general docket as contemplated by the rules of said court and that the trial

divisions, including Division No. 1, could acquire no jurisdiction until a preliminary order had been made regu-
**Subsequent** larly assigning said cause for trial to one
**Order.** of the divisions (Title Guaranty & Surety
Co. v. Drennon, 208 S. W. 474; Goddard to use of Hyde
v. Delaney, supra; State ex rel. v. Bird, supra, and by
analogy, see In re Grading Bledsoe Hill, 222 Mo. 604,
l. c. 609), and a subseqent entry in this case was not
sufficient.

III. It cannot be argued that by the introduction of
testimony on the motion appellant waived the question of
jurisdiction, because it is academic that jurisdiction over
**Waiver.** the subject-matter cannot be waived or conferred
even by consent. [In re Drainage District v.
Voltmer, 256 Mo. 152, l. c. 163, 165 S. W. 338; St. Louis
v. Glasgow, 254 Mo. 262, 162 S. W. 596; Title Guaranty
& Surety Co. v. Drennon, supra.]

IV. The trial judge recognized the lack of jurisdiction in the Assignment Division, and therefore attempted
at the conclusion of the trial and after his decree had
been entered to correct all questions of jurisdiction by
**Retroactive** causing the record to show that same had
**Order.** been assigned to himself as Judge of Division No. 1, and that it was an oversight
that the order was not made preliminary to the trial.

Following this assumption to its logical conclusion
and considering the rules of the court invoked by appellant, we must hold that the appellant was entitled to have
all preliminary matters settled in the Assignment Division and the cause put at issue for a trial. Moreover,
he was entitled to have a call made for a listing of his
case and a publication of notice thereof, and he was entitled to have said cause listed and an assignment regularly made after such listing to one of the judges of
the several divisions of the Circuit Court at Kansas City.
In addition to this he should have had his opportunity to
exercise his right under Section 1357, Revised Statutes
1919, with respect to the matter of taking a change of

venue from the judge of the division to which his cause might have been assigned. Moreover, he should have had an opportunity to present the evidence of witnesses other than mere informal *ex parte* affidavits.

It is apparent that the constitutional rights of the appellant were violated, as the processes of the law were not permitted to operate in his behalf, and the privileges and benefits of the law were denied to him.

V. Respondent strenuously urges that the court had jurisdiction to enter a final decree upon the motion to dissolve. This, of course, assumes that the trial judge had jurisdiction of the subject-matter. Whether or not a perpetual injunction may be entered upon a hearing of the motion to dissolve is not before us for decision, but we may say that the authorities cited by respondent are not applicable, as such cases merely refer to the question of damages arising upon dissolution of the injunction.

Perpetual Injunction.

"Where the injunction is the only remedy sought— the very life of the bill—and its perpetuation or dissolution is the only matter to be litigated, then the whole case is tried as on a motion to dissolve, whether one is actually filed or not, and all the expenses incurred for attorneys' fees, etc., are properly assessed as damages for procuring a dissolution of the injunction." [Gas Co. v. Joplin, 182 Mo. App. 422, l. c. 432.]

The cases cited by respondent do not warrant the inference that a perpetual injunction may be entered upon overruling the motion to dissolve. That the parties may consent to a trial upon the merits on a motion to dissolve and thus finally dispose of the whole case is beyond question. [Rookery Realty, Loan, Investment & Building Co. v. Johnson, 294 Mo. —.] Such was not the case at bar. Appellant had no trial of his cause and is entitled to one.

The premises considered the judgment of the court *nisi* is reversed and the cause remanded for a trial. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.