KANSAS CITY POWER & LIGHT COM-
PANY, a corporation, Plaintiff-
Respondent,

v.

Richard R. RISS, Defendant-Appellant.

No. 22878.

Kansas City Court of Appeals.
Missouri.

Dec. 1, 1958.

Motion for Rehearing or to Transfer to
Supreme Court Denied Jan. 12, 1959.

Gresham, Boughan & Whipple, Kansas City, for appellant.

Spencer, Fane, Britt & Browne, Kansas City, for respondent.

CAVE, Judge.

We adopt the preliminary statement of the case by the Supreme Court, without quotes.

Since 1921, the Kansas City Power & Light Company has maintained poles and electrical transmission lines across a tract of land adjacent to and formerly belonging to Park College. The company claims that its poles and lines are there by reason of an easement, executed on September 12, 1921, from Park College. In September 1954, the appellant, Richard R. Riss, purchased the tract of land from Park College and immediately set about to increase the size of a lake on the land by constructing or enlarging a dam which the power and light company claims has dangerously inundated several of its poles. In January 1956, the company instituted this action in two counts against Mr. Riss; (1) to permanently enjoin him from enlarging the dam and lake or otherwise interfering with the safe maintenance of its poles and lines, and (2) to recover $753 damages, the cost of relocating one inundated pole caused by his trespass on the company's easement. In general effect Mr. Riss' answer to both counts of the petition was a general denial; as to the company's claimed easement there was this specific allegation, "Defendant says that the alleged easement claimed by plaintiff gave it no right to maintain its poles and lines at any particular place, or at any place which might interfere with the use and enjoyment of the property by defendant."

At the conclusion of the evidence the trial court adopted the company's twenty proposed findings of fact and eleven conclusions of law which among other matters found that Park College had authority in 1921 to grant a valid easement and that it had granted the company a valid easement for the construction of its poles and lines. In its judgment the court found all issues for the company, and the court specifically enjoined Mr. Riss from any further construction, particularly with respect to the dam and lake, which would interfere with or endanger its poles and lines. In addition, the court awarded the company $753 and retained jurisdiction so as to be able to give full effect to its judgment.

Defendant perfected his appeal to the supreme court and that court held that title to real estate was not involved, and transferred the cause to this court. Mo., 312 S.W.2d 846. In the opinion, the court stated at pages 847, 848: "As indicated, the appellant's principal claim is that under its charter Park College had no authority to grant an easement. Without indicating an opinion upon the merits of the appeal it could be noted that Mr. Riss is in no position in this particular action to raise the question of the authority of

the college to grant an easement." In support of that statement, the court quotes from Johnson v. Underwood, 324 Mo. 578, 24 S.W.2d 133, 140, the following: "We do not think our language in Board of Trustees of Park College v. Attorney-General, 228 Mo. 514, 523, et seq., 129 S.W. 27, with reference to the college charter, should be given the construction placed upon it by appellants, but *they are in no position to raise the question of ultra vires. This defense can only be raised by the state.*"

■ We think that general statement of the law is particularly applicable in the instant case. The contract granting the easement was fully executed, not executory; the power company had constructed and maintained its power line for more than 30 years; and the college had retained the money paid for such easement, together with other special benefits set out therein. The defendant is seeking to have declared void as ultra vires a contract executed by Park College in a proceeding wherein the college is not a party. He did not interplead the college, as was done in Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W.2d 501. The cases cited by defendant in his supplemental brief involve litigation between the parties to the contract and one of the parties was asserting the invalidity of the contract because it was ultra vires. Under the facts and the pleadings in this case, defendant is in no position to challenge the validity of the easement. For additional authority, see 13 Am. Juris., Sec. 759, page 790; 19 C.J.S. Corporations § 1117, page 690.

We must follow the law as declared by the supreme court in this case, to the effect that the validity of the easement because ultra vires is not an issue on appeal. Consequently, we pass to a consideration of other points raised by defendant.

It is unnecessary to detail the evidence in order to dispose of the remaining points presented. Such evidence as is necessary will be referred to in disposing of each assigned point.

■ Defendant contends that the easement is void under the statute of frauds, because it does not sufficiently describe the course along which the power line should be constructed. Assuming, without deciding, that the defendant has sufficiently pleaded the statute of frauds, (Section 509.090); and that he has the right to collaterally assail the validity of the easement to which he is not a party; nevertheless there is no merit in his contention. This for the reason that the easement executed by the college gave the power company the right to enter a specifically described tract of land and "erect, construct and maintain" its transmission line "over, along and across" said land. The evidence shows that the company did construct its line across the described tract; paid the college the agreed price; gave it the right to attach to the line; and had maintained the same openly and notoriously for more than 30 years. Under such circumstances, the easement would not be void for indefiniteness. Bolomey v. Houchins, Mo.App., 227 S.W.2d 752, 755. The cases cited by defendant involved litigation between parties to an incompleted contract of sale of real estate, and are not controlling.

■■ It is next contended that the petition does not state a cause of action for equitable relief because it shows that the plaintiff has an adequate remedy at law and could recover damages to the power line, together with the cost of removing the same to some other location. There is no merit in this contention. The plaintiff sought the injunction to prevent the defendant from infringing upon and in effect destroying its easement, and thereby compelling plaintiff to seek an easement at some other location for the establishment of its power line. The plaintiff had a vested interest in the location of its line and the defendant could not, by encroachment, compel the plaintiff to move

elsewhere. A suit for damages would not fully protect plaintiff's rights. The courts have recognized the remedy of injunction to prevent the interference with or infringement of the rights acquired by an easement. Winslow v. Sauerwein, Mo. App., 285 S.W.2d 21, 25; Brier v. State Exchange Bank, 225 Mo. 673, 125 S.W. 469; Farrington v. Burton, 353 Mo. 194, 182 S.W.2d 186, 190. All except one of the authorities cited by the defendant on this issue deal with personal property and are not controlling. The excepted case is Schuster v. Myers, 148 Mo. 422, 50 S.W. 103. In that case, defendant was an adjoining landowner who sought to occupy a "vacant, wedge-shaped strip about 3 feet wide" immediately adjoining the wall of plaintiff's building. Plaintiff sought relief in two counts: (1) ejectment; and (2) injunction. The court held that ejectment offered an adequate remedy at law and denied injunctive relief. The opinion in the Schuster case is not controlling because, under the facts, the plaintiff could and did secure complete relief by ejectment. There is no claim that ejectment would lie in the instant case.

■ Defendant also contends that it appears on the face of the petition, and supported by the evidence, that the plaintiff was guilty of laches. Laches is an affirmative defense and must be pleaded, which was not done in this case. Section 509.090 RSMo 1949, V.A.M.S.; State at Information of Dalton ex rel. Tucker v. Mattingly, Mo.App., 275 S.W.2d 34; Leslie v. Mathewson, Mo.App., 257 S.W.2d 394, 397; Kramer v. Johnson, 361 Mo. 1085, 238 S.W.2d 416, 421; Hecker v. Bleish, 319 Mo. 149, 3 S.W.2d 1008, 1018; Breneman v. Laundry, 87 S.W.2d 429, 432; and Hauber v. Gentry, Mo., 215 S.W.2d 754, 759.

■ However, this being an equitable proceeding, we have examined the petition and find no pleaded facts that clearly indicate laches on the part of the plaintiff, as was the situation in Dexter v. MacDon-

ald, 196 Mo. 373, 95 S.W. 359, cited by defendant. Furthermore, the basis of defendant's argument is that approximately 18 months elapsed between the time he purchased the land and the time the power company filed its suit; and during that period he had expended a considerable sum of money in developing the lake. It appears from the evidence that defendant knew of the location of the power line before he purchased the tract, and for some time after the purchase he and the plaintiff carried on negotiations looking to a relocation of the line. Plaintiff asked the defendant to pay the expense of removal; the parties could not agree on the amount; and defendant notified the plaintiff that he would not proceed with the project of enlarging the lake, whereupon plaintiff closed its file. Some time thereafter, plaintiff learned that the lake was being enlarged, and filed suit. This is the substance of the trial court's findings on the issue of laches. The evidence would not support a contrary finding.

■ Defendant seeks to raise the issue of res judicata because there had been a hearing, including the taking of testimony, on an application to dissolve a prior temporary "restraining order". At that hearing, the court dissolved the temporary order, but it did not decide the case on the merits, or render a final judgment, or dismiss plaintiff's petition. In fact, the court refused to dismiss the petition when so requested. The defendant is in no position to urge res judicata; first, because res judicata is an affirmative defense and must be pleaded, which was not done; Section 509.090; and second, there is nothing to indicate that the parties agreed, or intended to try the whole case on the merits at the time the motion to dissolve the temporary order was heard. In fact, the contrary would appear because the court did not enter a *final judgment* and did not dismiss plaintiff's petition. In Meierhoffer v. Hansel, 294 Mo. 195, 243 S.W. 131, the case cited by the defendant, the judge of the assignment division had

entered a *final decree* perpetually enjoining the defendant from prosecuting his action. It was held that, under the rules of the Jackson County Circuit Court, the assignment judge had no jurisdiction to enter such a decree. It was also said 294 Mo. at page 206, 243 S.W. at page 133, "The cases cited by respondent do not warrant the inference that a perpetual injunction may be entered upon overruling the motion to dissolve. That the parties may consent to a trial upon the merits on a motion to dissolve and thus finally dispose of the whole case is beyond question. * * * (But) Such was not the case at bar." That is the precise situation in the instant case.

Finding no prejudicial error, the judgment should be affirmed. It is so ordered.

All concur.